JAMES HENNESSEY, Respondent, *against* PATRICK FARRELLY, Impleaded with Alicia Flynn *et al.*, Appellant.

(Decided April 5th, 1886).

Evidence of a lawyer of another state, as to what, in the opinion of lawyers there, should be the construction of a statute of that state, is not admissible where the language of the statute is plain and there is no decision by the courts of the state upon the point in controversy.

Defendants executed, in New Jersey, a certificate and articles of partnership for the formation of a limited partnership under the laws of that state, and the special partner drew and delivered to the general partners

Hennessey *v.* Farrelly.

his check upon a bank for the amount he had agreed to contribute to the capital. The check was not in fact paid, but, about a month afterwards, was returned to him by the firm, and he then gave a new check for a larger sum, being the amount of his contribution to the capital and the amount of a loan which, by the co-partnership articles, he had agreed to obtain for the firm; and this check was deposited in bank and paid to the credit of the firm. *Held*, that there had been no "actual cash payment" of capital by him upon the formation of the co-partnership, as was required by the New Jersey statute authorizing limited partnerships, and that he was liable to creditors of the firm as a general partner.

APPEAL from a judgment of the General Term of the City Court of New York affirming a judgment of that court entered upon the verdict of a jury rendered by direction of the court and an order denying a motion for a new trial.

The action was brought for goods sold and delivered by plaintiff to defendants as co-partners under the firm name of A. & K. Flynn. The firm was composed of Alicia Flynn, Kitty Flynn and Patrick Farrelly. Defendant Farrelly served an answer setting up as a defense that he was a special partner under an agreement and certificate of limited partnership between him and his co-defendants, made in New Jersey, in accordance with the laws of that state.

At the trial, it appeared from evidence on the part of the defense, which was undisputed, that, on or about the 24th day of February, 1883, all the defendants, in the State of New Jersey, executed a certificate and articles of co-partnership for the formation of a limited co-partnership under the laws of that state; that immediately afterwards, and before the affidavit of the general partner to the payment of the capital in cash, required by the New Jersey statute to be filed, was made, defendant Farrelly drew his check upon a bank in the City of New York to the order of the firm, for the sum of $2,500, the amount of his contribution to the capital, and delivered it to one of the general partners; that he had sufficient funds in the bank out of which the bank would have paid the check on presentation at any time from that day to the commencement of the action; that the check was not used or paid, and, more than a

month afterwards, was returned to defendant Farrelly by the business agent of the firm, and in exchange for it defendant Farrelly gave to the agent a new check for $5,000, being the amount of his contribution to the capital, $2,500, and the amount of the loan of $2,500, which, under the partnership agreement, he was to procure for the firm; and that this check was deposited in the bank to the credit of the firm, and was paid, and was the first cash received by the firm from Farrelly.

The statutes of New Jersey authorizing limited partnerships were given in evidence, and contained the following provisions:

"Section 2. That such partnership may consist of one or more persons, who shall be called general partners . . . and of one or more persons who shall contribute, in actual cash payments, a specific sum as capital to the common stock," &c.

"Section 7. An affidavit of a general partner shall be filed stating that the sums specified in the certificate to have been contributed by each of the special partners to the common stock have been actually and in good faith paid in cash."

"Section 8. . . . And if any false statements be made in such certificate or affidavit, all the persons interested in such partnership shall be liable for all the engagements thereof as general partners."

The court directed the jury to find a verdict for plaintiff. A motion by defendant for a new trial was denied, and judgment for plaintiff was entered on the verdict. From the judgment and from the order denying his motion for a new trial, defendant Farrelly appealed to the General Term of the City Court, by which both were affirmed; and from the decision of the General Term he again appealed to this court.

*Leon Abbett*, for appellant.

*W. C. Beecher*, for respondent.

Hennessey v. Farrelly.

VAN HOESEN, J.—It has often been decided that experts may prove, not only the unwritten law, but also the construction given to the statutes, of a foreign state. They may refer to the decisions of courts, and to the statutes themselves, to aid their recollection, but it is upon their testimony as to what the law of the foreign state really is, that the courts of England, and the courts of some of the states of the American Union, rely (Wharton on Evidence § 308 & note 2, citing cases; Phillips on Evidence, c. V. § IV. Vol. 2 p. 428, Cowen, Hill & Edwards' notes; *Trimby* v. *Vignier*, 6 Carr. & P. 25; *Wilson* v. *Smith*, 5 Yerger 399; *Nelson* v. *Bridport*, 8 Beav. 527; *Cocks* v. *Purday*, 2 Carr. & K. 269).

Where the statute law of a foreign state is difficult of ascertainment; where, for instance, there have been many alterations of a statute, which make it almost impossible to determine which of its original provisions have been repealed by implication or otherwise, or what provisions have been modified to a greater or a less degree, or where the decisions of the foreign courts construing the statute are conflicting or obscure, I know of no reason why the courts of New York should not avail themselves of the aid that might be afforded by the oral testimony of foreign jurists as to what they consider to be the final result of the adjudications of the foreign courts upon the statute and the amendments that have been made to it. Our rule requires that the statutes themselves and the reports of the decisions of the foreign courts construing them shall be produced and offered in evidence, when a party wishes to avail himself of them (Code Civ. Pro. § 942; *Tonlando* v. *Lachenmeyer*, 6 Abb. Pr. N. S. 215), but yet I can see no objection to the courts of this state getting such light, when they feel that they require it, as the testimony of experts may throw upon the dark places in a foreign statute. These observations are obiter, for the case that I have supposed is not the case before us. Here the language of the statute is plain, and the counsel for the defendant and appellant frankly admits that there has been no decision by the Supreme Court of

New Jersey upon the point in controversy. The defendant sought to prove by Mr. Lum, of the New Jersey bar, what, in the opinion of lawyers in New Jersey, should be the construction of the plain and clear language of a New Jersey statute. The statute itself had been introduced in evidence. The testimony offered would have had no force or authority in New Jersey, nor would it have been any evidence of what the courts of that state would decide when the question should be presented to them for decision. It was immaterial.

As to whether or not the defendant's check was an actual payment in cash of two thousand five hundred dollars towards the common stock of the limited partnership, not much need be said. Suppose that the check had never been presented for payment, would any one contend that the defendant had actually paid anything? Until the check had been collected, he had parted with nothing, for he still had control of the fund upon which the check was drawn, and could do with it as he pleased. If he had given his due-bill, which was never paid because never presented, would any one contend that the due-bill was a payment in cash, even if the most indubitable evidence were given that he was ready, able and willing to pay in cash whenever it might be presented?

This is not a case between debtor and creditor, and it is foreign to the question to argue that it is in the power of a creditor to accept a check in absolute discharge of a debt. There is never any presumption that it is taken in payment, but, on the contrary, the implication is that it is only to be regarded as payment, if cashed (Daniell on Negotiable Instruments § 1623). If the case were between the firm of A. & K. Flynn as creditor, and Farrelly as the debtor, there would be no presumption that the check, uncashed, was absolute payment of his stipulated contribution to the common stock. Can it be that there is such a presumption when the law positively forbids the acceptance of anything but actual cash in payment of the contribution?

If the check had been paid promptly and in the regular

course of business, after its delivery by Farrelly to Flynn, the court would not be astute in sifting the evidence, in order to discover whether by some possibility the affidavit of the general partner was not made and filed a fraction of a day in advance of the presentation of the check at the bank. But here it appears that the check was never paid at all. After the lapse of more than a month, it was returned to Farrelly, who gave another check for a larger amount to Flynn. If the delivery of the first check to Flynn was a payment in cash, then when Farrelly gave him the second check he paid his contribution a second time; and yet the firm never received Farrelly's contribution more than once, and that was more than a month after the firm began business. As between Farrelly and the Flynns, the failure of the bank, whilst the check was in the hands of the latter, might have operated as a payment of Farrelly's contribution; but not as between Farrelly and the creditors of the firm. The cash had not actually reached the treasury of the firm, and, therefore, Farrelly could not have escaped liability to the firm's creditors.

The judgment should be affirmed, with costs.

LARREMORE, Ch. J., and J. F. DALY, J., concurred.

Judgment affirmed, with costs.