### GEOGHEGAN *v.* ATLAS STEAM-SHIP CO.

*(Common Pleas of New York City and County, General Term.* June 2, 1890.)

1. STATUTES—PROOF AND CONSTRUCTION OF FOREIGN LAWS—DEPOSITIONS.
   A commission to take the testimony of foreign lawyers to prove the existence and construction of a statute of their country is properly denied where the moving papers fail to show any ambiguity or uncertainty in the meaning of the statute, or that it has received any judicial interpretation, or that it cannot be proved under Code Civil Proc. N. Y. § 942, providing for the proving of foreign statutes by officially printed copies.

2. SAME—EXPERT TESTIMONY.
   Expert testimony to prove the construction of a statute of a foreign country is not admissible where the language of the statute is plain, and there is no decision by the courts of such country upon the points in controversy.

Appeal from special term.

An action by Susan Geoghegan, as administratrix of John M. Geoghegan, against the Atlas Steam-Ship Company, for negligently causing the death of plaintiff's intestate. Plaintiff appeals from an order denying her motion for a commission.

Argued before LARREMORE, C. J., and BOOKSTAVER, J.

*Roger M. Sherman,* for appellant.    *Wheeler, Cortis & Godkin,* for respondent.

BOOKSTAVER, J. The action in which the motion was made is brought to recover damages from the defendant for the alleged death of plaintiff's intestate, caused, as it is claimed, by the negligence of defendant in the harbor of Savanilla, republic of Colombia. The learned judge who heard the motion says in his opinion it was conceded on the argument by plaintiff's counsel that the sole object of the proposed commission was to secure proof of a certain statute law of the republic of Colombia, and its interpretation in the country. No other ground for the motion is suggested by the moving papers. They do not show that there is any ambiguity or uncertainty in the meaning of the law, or that it has received any judicial interpretation in that republic, or that it cannot be proved under section 942 of our Code. We think the latter fact, at least, must be made to appear, before the court would be authorized to grant the commission.

It has been held that the statute law of another state cannot be proved by parol. *Toulandou* v. *Lachenmeyer,* 6 Abb. Pr. (N. S.) 215; *Kenny* v. *Clarkson,* 1 Johns. 385. But, if the object of the commission had been stated in the papers to be to prove the construction and interpretation of this foreign statute, the opinion of the person sought to be examined would not be admissible to prove it. Where the evidence of a foreign law consists entirely of a written document, statute, or judicial opinion, the question of its construction and effect is for the court to determine; and evidence of a lawyer of another state or country as to what, in the opinion of lawyers there, should be the construction of a statute of that state or country, is not admissible where the language of the statute is plain, and there is no decision by the courts of that state or country upon the points in controversy. *Bank* v. *Boardman,* 47 Hun, 142; *Kline* v. *Baker,* 99 Mass. 255; *Bank* v. *Wood,* 142 Mass. 564, 8 N. E. Rep. 753; *Hennessey* v. *Farrelly,* 13 Daly, 468; *Dupuy* v. *Wurtz,* 53 N. Y. 571. The motion was therefore properly denied, and the order appealed from should be affirmed, with costs.

LARREMORE, C. J., *(concurring.)* This is an appeal from an order denying an application made by plaintiff for a commission to take the testimony of two advocates in active legal practice in the republic of Colombia, as experts. It was conceded on the argument that the object of such examination was to prove a certain statute law alleged to have been in operation in

the United States of Colombia, (which government since has been merged into the present republic of Colombia,) and the interpretations of such statute made and accepted by the courts of such foreign country. Section 942 of the Code provides a simple manner of proving foreign statutes by officially printed copies. The learned counsel for appellant argues that the law does not restrict him to such form of proof, and further contends that he should not be so limited, because there is nothing to show that printed copies of the law in force when the accident occurred exist. Undoubtedly the learned judge did, in effect, presume that printed copies were obtainable; but we think it was not error for him to entertain such presumption, under the circumstances disclosed, in a matter addressed to his discretion. Section 888 is not mandatory, but the discretion granted by it is to be exercised with the greatest latitude, and always in the interests of substantial justice. Nevertheless the judge was not precluded from considering that, in the present state of civilization, most governments officially print their statutes, and of supposing such to be the fact here, as there was no allegation in the papers, or suggestion on the argument, to the contrary. On the basis that the proof could be made under section 942, we think it was a proper exercise of discretion not to put the parties to the trouble and expense of any other form of procedure. On the question of the alleged interpretation of the statute by the courts of Colombia, we think the rule well settled that the evidence of the proposed witnesses would be incompetent if obtained. *Bank* v. *Boardman*, 47 Hun, 142, and cases there cited. It would have been an unwise exercise of discretion to grant plaintiff a commission to take evidence which, on her own showing, would certainly have been inadmissible. The order should be affirmed, with costs.