*180 Opinion OP THE COURT,
BY JUDGE MlLLS.
John Peebles procured a loan from the Bank of Kentucky, by procuring Wildes Cook, the appellee, wjth two or three others, to endorse for him, and promised Cook to loan him some of the money. He accordingly lent one hundred dollars, and took Cook’s note for which was afterwards assigned to Caldwell, one of the appellants. Peebles afterwards became insolvent, and the bank has prosecuted their claim to judgment, and Cook and the other endorsers replevied the debt, an^ Caldwell has prosecuted to judgment, against Cook, a suit on the note for one hundred dollars, which he held as the assignee pf Peebles; and to be relieved *181 against this judgment, Cook filed this bill, with injunction, relying on the foregoing facts, and his danger of being compelled to pay the money to the bank.
The answers do not contest these facts; but allege that Peebles had given an indemnity to two others of his endorsers, out of which most of the money was already made, and that these endorsers alone were counted responsible, it not being supposed that,Cook would be pelled to pay any. Of this allegation, however, there ÍS no proof.
The court below perpetuated the injunction, decreed that Cook should pay the one hundred dollars to the bank. From this decree Caldwell 'and Peebles have appealed.
It is evident that the decree cannot be sustained, Cook. has obtained perpetual relief against the judgment, not because he has suffered, but barely because he is in danger and may suffer. The bank has obtained a decree for the one hundred dollars, and yet is a party to the suit, and has no way to enforce the decree. If it should hereafter turn out that Cook should have no money to pay to the bank, he will be allowed to keep this money forever. ,
But it does not thence follow, that his bill should be dismissed. He is in danger, by a liability created for Peebles, the payee and assignor of his note. If this liability arose out of a transaction unconnected with his note, we would be constrained to say, on the. authority of the case of Bowman, fyc. vs. ffalskad, fyc. 1 Marsh, 200, that it did not.follow the note into the hands of the assignee. But this is not the fact. It arose out of, and is connected with the note, by his agreement to endorse for Peebles, to procure a loan, and he to have the use, for a time, of part of the money so loaned. As he is now in danger, this equity does follow the note to the hands of Peebles’ assignee. It is, however, clear, that as the event of this liability is not known, however dangerous it may be, and there is a possibility that it may not fall on Cook, in w'hich event Caldwell would be entititled to the money, no perpetual injunction ought to be granted, until Coolc has either paid, or been compelled to pay an equal amount of money to the bank for Peebles; and it ought not to be dissolved, until the danger of his liability is over. Such a decree might jhave been proper, retaining the power of the court over *182 the cause, and permitting either the complainants to show that he was thereafter entitled to a perpetual injunction, or Caldwell to show that the danger was over, and thereby obtain its dissolution. But before any such decree is rendered, we conceive that the co-endorsers of Cook ought to be made parties; that they are interested in this fund. If they are not indemnified, it may enable them to save so much of the original fund, for which they are bound, and to settle the apportionment between themselves. If they are indemnified, as the appellants allege, it will enable Caldwell to compel them tp subject that indemnity to the debt of the bank; and if there is enough, he can then get at this debt.
The decree must, therefore, be reversed with costs, and the cause be remended, with directions to that court to dismiss the bill with damages and costs, but without prejudice to any future suit for the same cause, unless Cook shall, in a reasonable time, to be fixed by that court, bring his co-endorsers as parties into the cause.