## Luckett *et al. vs* Triplett's Adm'r. *et al.*

ERROR TO THE FRANKLIN CIRCUIT.

*Vendor and vendee.    Allegation and proof.    Pro confesso.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

*September* 22.

JEREMIAH LUCKETT enjoined a judgment which *Joel Scott* had obtained against him on a note assigned by *Thomas Triplett*, and which had been given as a part of the price of a tract of land which *Triplett* had sold and conveyed to *Luckett*, by deed of general warranty. The only grounds suggested for the injunction were—1st, An apprehension of eviction by an adversary title superior to that of *Triplett*; and 2ndly, The alleged *doubtfulness* of *Triplett's* circumstances—each of which was negatived by the answers.

Allegations of first bill and decree.

The injunction having been dissolved and the bill dismissed, *Scott* obtained a judgment against *Luckett* and his surety in the injunction bond. To enjoin the enforcement of the replevin bond given in satisfaction of this last judgment, *Luckett* and his sureties filed another bill, incorporating therein the record of the first suit in Chancery, and alleging, that since the date of the decree in that case, *Luckett* had been actually evicted in an action of ejectment, in which *Triplett* and himself were defendants, and that *Triplett* had then become hopelessly insolvent. The record of the action of ejectment was exhibited and proved the eviction as alleged; and afterwards an amended bill and a bill of revivor against *Triplett's* administrator were filed, in which, after reiterating the allegations of the original bill, it was alleged that the consideration for the note on which the original judgment had been obtained *had* certainly *failed*. The amended bill was never answered by *Scott*; and *Triplett's* administrator, in his answer to the bill of revivor, admitted the total insolvency of the intestate. Nevertheless, the Circuit Court again dissolved the injunction and dismissed the bill.

Allegations of second bill and decree thereon.

This last decree is now to be revised.

LUCKETT *et al.*
*vs*
TRIPLETT'S AD'R.
*et al.*

A vendee of land having accepted a deed and retained the possession, cannot enjoin a judgment for the purchase money whilst the vendor is solvent —But if vendee be evicted by paramount title and vendor insolvent, the Chancellor will perpetually enjoin such judgment, vendee being without relief at law, and a decree on a former bill between the same parties for the same object, filed before the equity relied on in the last bill existed, will be no bar to the second suit.

The first decree was no bar to the relief sought in this suit. As *Luckett* had accepted a conveyance and was in possession, and *Triplett* was not then insolvent or known to be so, there was certainly, at the date of the first decree, no cause for perpetuating the injunction; and the dismission of the first bill was, therefore, perfectly right: *Taylor* vs *Lyon*, 2 *Dana,* 276.

But before the final decree in the present case, *Luckett* had been actually evicted from the entire tract by a paramount title, and his warrantor had become, or was then ascertained to be insolvent and irresponsible; and consequently, as there was no available remedy at law on the warranty, *Luckett's* only relief was in a court of equity, by enjoining the enforcement of the consideration remaining still unpaid; and of course as no cause for injunction existed at the date of the first decree, this suit, instituted when there was sufficient ground for relief, as to *Triplett* at least, cannot be affected by that decree, so far as he was concerned.

Answer to bill, not admitting a material allegation, (insolvency) will not be taken as a denial of the same allegation, made two years afterwards in a bill in a second suit, incorporating the record of first suit.

There is some ground for doubting whether *Scott* or Triplett's representative is the party beneficially interested in this case. But even if *Scott* be the beneficial as well as the nominal judgment creditor, he should not be permitted to enforce payment of the amount of the note which his assignor could have no pretence for enforcing. By not answering the amended bill, *Scott* admitted the eviction, Triplett's insolvency, and *the total failure of consideration,* as therein explicitly alleged. The fact that, in an answer to the original bill, he had not admitted Triplett's insolvency, could not affect his tacit admission of it two years afterwards.

The assignee of a note, the consideration of which has failed, though subsequently to the assignment, will not be permitted to coerce it any more than the obligee.

It seems to us, therefore, that to the extent of the original judgment, and the accruing interest thereon, and the costs of this last suit, the injunction should be perpetuated against the replevin bond—leaving to be enforced only so much thereof as shall remain of the costs in the action on the injunction bond, and of the costs and damages properly decreed on the dissolution of the injunction and dismission of the bill in the first case, after deducting therefrom the costs in this case, including the costs of the action of ejectment.

The last decree is, therefore, reversed, and the cause remanded for such a decree as herein indicated.

*Todd* for plaintiffs; *Owsley* for defendants.