## Case No. 2,365.

### CAMPBELL v. MEDBURY et al.

[5 Biss. 33.] [1]

Circuit Court, D. Wisconsin. July Term, 1857.

VENDOR AND PURCHASER—DEFECT IN TITLE—RELIEF TO PURCHASER.

A purchaser in undisturbed possession will not be relieved from payment of the purchase money on the ground of defect of title, there being no fraud or misrepresentation. He must rely upon his covenants.

[Following Patton v. Taylor, 7 How. (48 U. S.) 133.]

[In equity. Bill by William W. Campbell against John W. Medbury and others.]

MILLER, District Judge. This bill [filed by William W. Campbell] is for the foreclosure of a mortgage. Martin B. Medbury, for himself and his co-defendants, filed a joint and several answer. In said answer it is admitted that John W. Medbury purchased the land described in the mortgage and bill, of Samuel Starkweather, about the 12th of October, one thousand eight hundred and fifty-one, and to secure the payment of a part of the purchase money, said John W. Medbury executed and delivered to said Starkweather his bond and the said mortgage, as alleged in the bill. The defendants further say that the conveyance to said Medbury from said Starkweather was by a full covenant warranty deed; and the defendants have recently and since the commencement of this suit, been informed and believe that at the time said conveyance was made, a portion of the lands so conveyed, and as described in the answer, had been sold for the taxes of the year eighteen hundred and fifty; and that deeds of the same have since been duly executed, issued and delivered by the clerk of the board of supervisors of Manitowoc county, and are recorded in the office of the register of deeds of said county, and now exist as valid outstanding titles to said premises, as these defendants have been informed and believe to be true.

This case is to be disposed of upon the answer, which is to be taken as true. I shall not inquire whose duty it was to redeem the land from the tax sale—whether it was first the duty of the purchaser and mortgagor in possession to redeem, or of the vendor and mortgagee out of possession. Under the law, there is no doubt but either of them could redeem the land so sold before the execution, delivery and rendering of the tax deed. The provision of the laws for the redemption of land sold for taxes is to be liberally construed. The answer sets forth that the mortgage was given to secure a portion of the purchase money of land conveyed by a full warranty deed by the mortgagee to the mort-

gagor. It does not plead an eviction; nor is it alleged that the grantor is insolvent. The relief claimed by the answer is exclusively upon the alleged defect of title of a part of the land so conveyed and mortgaged.

It is not considered necessary to examine the numerous authorities upon this subject, for the purpose of proving that a court of equity cannot grant relief upon the ground of defense contained in the answer. Where the contract is executory the vendee may obtain a rescission if the vendor has no title; but where the contract is executed as in this case, eviction or fraud must be shown to enable a court of equity to grant relief to the purchaser, or to restrain the collection of the purchase money. Simpson v. Hawkins, 1 Dana, 303; Gale v. Conn, 3 J. J. Marsh. 538; Wiley v. Fitzpatrick, Id. 582; Campbell v. Whittingham, 5 J. J. Marsh. 96; Thompson v. Jackson, 3 Rand. [Va.] 504; Taylor v. Lyon, 2 Dana, 276; Luckett v. Triplett's Adm'r, 2 B. Mon. 39; Edwards v. Morris, 1 Ohio, 524; Bumpus v. Platner, 1 Johns. Ch. 213–218; Abbott v. Allen, 2 Johns. Ch. 519; Gouverneur v. Elmendorf, 5 Johns. Ch. 79. The decision of the case of Patton v. Taylor, 7 How. [48 U. S.] 133, settles this case. In the opinion, the court remark, "These cases will show that the purchaser, in the undisturbed possession of the land, will not be relieved against the payment of the purchase money on the mere ground of defect of title, there being no fraud or misrepresentation, and that, in such a case, he must seek his remedy at law on the covenants in his deed; that if there is no fraud, and no covenants to secure the title, he is without remedy, as the vendor, selling in good faith, is not responsible for the goodness of his title beyond the covenants in the deed; and, further, that relief will not be afforded, even on the ground of fraud, unless it be made a distinct allegation in the pleading, so that it may be put in issue." As this case is so clearly settled by the decision of the supreme court of the United States, a decree must be rendered in favor of the complainant.

NOTE [from original report]. The question here presented and the leading cases pro and con are elaborately discussed and collected in Rawle on Covenants for Title, 583 et seq. (4th Ed.) from which he deduces the established doctrine that where the purchaser has not been evicted and there has been a total failure of title, he cannot detain the purchase money, but where there has been an eviction, he may. The case of Frisbee v. Hoffnagle, 11 Johns. 50, which is directly opposed to the text, has been repeatedly overruled. Consult, also, 1 Pars. Bill & Notes, 210, notes o and p; 2 Kent. Comm. 471, 472, and notes. See Vincent v. Morrison, 1 Breese, 227, note 2, where there is an elaborate collection of authorities; and see Vining v. Leeman, 45 Ill. 246, holding the general doctrine.

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]