CASE 38—PETITION—SEPTEMBER 28.

8b 193
99   29
8bu193
e115 575

# Hyatt v. Bank of Kentucky.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. THE LIABILITY OF AN ASSIGNOR OF A NOTE IS FIXED BY THE LAW OF THE PLACE WHERE THE ASSIGNMENT IS MADE.

2. The assignment of a note is of itself a contract by which the party making the assignment assumes certain liabilities, to be regulated and determined by the law of the place where the assignment is made.

3. As between the maker and payee of a note executed and payable in the state of Louisiana, the legal effect of the note must be determined by the law of that state in which it is regarded as commercial paper, having the legal character of a bill of exchange.

4. But as between the assignor and assignee of a note executed and payable in Louisana, on an assignment made in Kentucky, where it is a simple promissory note, the legal effect of the assignment must be determined by the law of Kentucky, and consequently to make the assignor liable on his assignment the assignee must use due dilligence, etc.

5. A note executed and payable in Louisiana was indorsed by the payee, and discounted before its maturity in a bank in Kentucky. The bank sued and sought to make the assignor of the note liable as for an indorsement of a bill of exchange. *Held*, that although the assignor may have known that the legal character attached to the paper in Louisiana was that of a bill of exchange, this court will not, upon mere presumption, alter his liability upon a contract made and fixed by the law of Kentucky, the place where the assignment was made.

The paper indorsed by the assignor being a mere promissory note in Kentucky, he is not liable as the indorser of a bill.

6 A SUIT ON ONE CAUSE OF ACTION WILL NOT PREVENT THE STATUTE OF LIMITATION FROM RUNNING AGAINST ANOTHER CAUSE OF ACTION.

If A should institute his action against B upon a note alleged to be due for goods sold and delivered, and it appearing that B was not liable on the note, and A should then file an amended petition upon an account for goods sold and delivered, and for the same

goods for which the alleged note was executed, the defendant could plead the statute to the account if barred by limitation, and the original action would not preclude the defense.

J. F. & T. W. BULLITT, . . . . . . . . For Appellant,

CITED

Story on Conflict of Laws, sections 299, 265.
Story on Bills, sections 381, 390.
Civil Code, section 153.
14 B. Monroe, 395.                    3 Metcalfe, 197.
18 B. Monroe, 229.          .          3 Metcalfe, 301.
 2 Duvall, 108, Graves v. Tilford.
 6 Peters, 134, Lessee of Sicord v. Davis.
10 B. Monroe, 88, Dudley v. Price's administrator.
 4 Bush, 82, Morgan v. Bank of Louisiana.
 4 Bush, 268, Carlisle v. Chambers.
 4 Metcalfe, 299, Short & Co. v. Trabue & Co.
 7 B. Monroe, 577, Goddin v. Shipley.
14 B. Monroe, 558, Young v. Harris.
15 Indiana, 33, Hunt v. Standart.
 2 Strange, 733, Burrows v. Jemino.
 5 J. J. Marshall, 475–81, Sneed v. Ewing and wife.
13 Howard, 218, Miller v. Austin.
17 B. Monroe, 645, Piner v. Clay.
 2 Scammon, 465, Holbrook v. Vibbard.
 4 Devlin's Law Reports, 122, Hatcher v. McMorim.
 7 Ala. R. (N. S.) 120, Lowry's adm'r v. Western Bank Ga.
 2 Kelly, 168, Cox v. Adams.
 1 Ad. & L. (N. S.) 43, Rothchild v. Currie.
 6 Massachusetts, 157, Grimshaw v. Bendar.
 8 Blackford, 41, Shanklin v. Cooper.

BARR & GOODLOE, . . . . . . . . . . For Appellee,

CITED

Wheaton's International Law, 392, 6th edition.
Story on Bills, section 365.
Parsons on Notes and Bills, 531.
Civil Code, sections 111, 146.
11 Indiana, 233, Haven v. Talbott.
 4 Bush, 268, Carlisle v. Chambers.
 7 B. Monroe, 575, Goddin v. Shipley.
 4 Metcalfe, 300, Short & Co. v. Trabue & Co.
14 B. Monroe, 558, Young v. Harris.

1 Salkeld, 285, Price v. Earl of Torington.

2 Salkeld, 690, Pittman v. Maddox.

10 East. 109, Higham v. Ridgway

3 Camp. 379, Hagedon v. Ried.

3 Camp. 305, Pritt v. Fairclough.

3 B. & Ad. 898, Doe v. Turford.

1 Starkie on Evidence, 315–318.

1 Greenleaf on Evidence, section 116.

4 Howard (Miss.) —, Barnard v. Planters Bank.

15 Massachusetts, 380, Wesh v. Barrett.

8 Wheat. 326, Nicolls v. Webb.

5 Howard (Miss.) 179, Ogden v. Glidewell.

5 Howard (Miss.) Bodly v. Scarborough.

9 B. Monroe, 611, Bank of Tennessee v. Smith.

1 Benjamin (N. C.) 609, Poole v. Dicas.

2 Wendell, 369, Butler v. Wright.

15 Connecticut, 206, New Haven Co. Bank v. Mitchell.

4 Hill, 123, Shildon v. Benham.

4 Alabama, 306, Batre v. Simpson.

14 Alabama, 63, Brown v. Steele.

1 Smith's Leading Cases (6th American edition), 499.

1 Gall. 304, The Rapid.

16 Johnson, 438, Griswold v. Waddington.

1 Kent's Commentaries, page 68, section 3.

1 Bos. & Pul. 296, Farmer v. Russell.

2 Phillips's Chancery Reports, —, Sharp v. Taylor.

2 Wallace (S. C.) 78, Brook v. Martin.

11 Wheaton, 258, Armstrong v. Toller.

4 Bush, 82, Morgan v. Bank of Louisville.

11 Indiana, 323, Havens v. Talbott.

13 B. Monroe, 404, Hord v. Chandler.

6 Bush, 34, Bonney, &c. v. Reardon, &c.

10 B. Monroe, 87, Price v. Dudley.

6 Peters's South Carolina Rep. 134, Lessee of Sicord v. Davis.

1 Ad. El. (N. S.) 43, Rothchild v. Currie.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

On the 10th of May, 1861, the New Orleans and Bayou Sara Company, by its president, executed to the appellant, J. L. Hyatt, the following note: "Four months after date we promise to pay to the order of Mr. J. L. Hyatt the sum of $1,908.24, for value received." This note was executed in

the city of New Orleans, and signed by the president, of the company.

The appellant, Hyatt, before the maturity of the paper discounted it to the Bank of Kentucky for a valuable consideration, and indorsed it to that bank. Hyatt at the time was a resident of the state, and the indorsement was made at the banking-house of the appellee in the city of Louisville. The note was sent by appellee at once to the Citizens Bank of New Orleans for collection, and at its maturity was protested for non-payment.

The appellee, on the 8th day of September, 1866, filed a petition in the Court of Common Pleas at Louisville, alleging the presentation of the note for payment at maturity, its non-payment and protest, and due notice thereof to the appellant, and is seeking to recover of him in this action the amount of the note, interest, etc.

On the 25th of May, 1867, the appellee filed an amended petition, alleging, in substance, that by the Code of Louisiana, where the note was executed, it was commercial paper, and the appellant by his indorsement became liable thereon as the indorser of a bill of exchange. The appellee, on the first of May, 1869, filed a second amended petition, in which it is alleged that after the maturity of the note and the protest for non-payment the appellee illegally obtained the possession of the same, and delivered it to the maker without right, and is therefore liable for the debt, etc.

The appellant, in response to the petition and the amendments, denies any notice of the protest of the paper, and insists that by the laws of Kentucky the paper indorsed by him is not commercial paper; that his liability is to be determined by the laws of this state; and the appellees having failed to prosecute the maker to insolvency, he is thereby released.

In answer to the amended petition filed on the first of

May, 1869, the appellant states that the effects of the bank at New Orleans, where this note was deposited, were seized by the Confederate authorities, and that appellant, as agent of the marshal of that state, collected the amount of the note in Confederate currency, and paid the same over to those in authority. He also pleads and relies on the statute of limitation as a bar to any recovery either upon the original or amended petitions. The proof is conclusive that by the law of Louisiana, where the note was executed and where the indorsement was made by appellant to the appellee, the note in controversy was commercial paper, and placed on the footing of a bill of exchange; and if the appellant is liable as indorser of a bill, then the question in regard to the notice of protest will be considered. This note having been executed in Louisiana as between the maker of the note and the payee, its legal effect must be determined by the law of that state. This court decided, in the case of Young v. Harris, 14 B. Monroe, 558, that unless the place of payment is different from that where the contract is made the *lex loci contractus* must govern.

The assignment of a note, as has been often adjudged, is of itself a contract, by which the party making the assignment assumes certain liabilities, to be regulated and determined by the law of the place where the assignment is made, in the absence of a contract or agreement upon his part by which he assumes liabilities created by the laws of another state or place different from the law of the place where the contract or assignment is made.

In the case referred to of Young v. Harris, the assignment of the note was made by the holder in Kentucky, and the note retained in his possession and afterward delivered to the assignee in Cincinnati; and this court held that the mere physical act of writing the assignment in Kentucky was not of itself a contract; but its delivery being essential to complete

it, and that delivery having been made in the state of Ohio, the law of that state must determine the rights of the parties; and on the contrary, if the contract of assignment had been completed in Kentucky, the law of Kentucky would have fixed the liability of the parties.

In the case of Goddin v. Shipley, 7 B. Monroe, this court say : "That there is no evidence from which it could be inferred that the note, although the name of the payee may have been placed on it in Kentucky, was actually sold or transferred in this state, nor until it was delivered to Walker and Kennett in St. Louis, where they resided." They proceed to say that if the note had been actually assigned in Kentucky for value, and by a citizen of Kentucky, so that there was a complete contract of assignment here, the question as to whether the assignor might be held here as the indorser of a bill is one of doubt, since the assignment itself would be a new contract. In the case of Carlisle v. Chambers, 4 Bush, this court also determined that the law of Kentucky undoubtedly regulates the distinct contract of indorsement, and the liability of the indorser; but proceeds to say that this does not change the legal quality or character of the thing indorsed. This is certainly true as to the original parties to the paper; if made in Ohio, the parties to the instrument, where rights and liabilities were created upon the paper in that state, can not without some additional contract change its character or the obligation it imposes.

Those, however, who become parties to it in Kentucky by indorsement, the legal effect of this indorsement, so far as it applies to them, must be determined by Kentucky law; nor will the existence of extrinsic circumstances, such as the knowledge on the part of the indorser of the legal character of the paper where it was enacted, change the character or degree of his liability. A party may know when he indorses a paper in Kentucky executed in Louisiana that the law of

Hyatt v. Bank of Kentucky.

the latter state imposes a different liability from the law of Kentucky, and still his assignment, being of itself an independent contract, must be regulated by the law where the contract is made, and no presumption should be indulged in to change its legal effect; and if presumptions are to determine these questions, it would be equally as just to presume that the party intended to be bound by the law of the place or state where the contract 'was made as that he intended to make himself liable under another and different law.

It is to the interest of trade and commerce that there should be some fixed and permanent rule governing contracts of this character; and, with this rule established, no mere circumstances or presumptions should be permitted to fix a liability upon such paper other than the liability imposed by the law of the place where the contract is made. We think the rule was clearly and certainly established by this court in the case of Short & Co. v. Trabue & Co., 4 Met. 299. In that opinion the court say : "That the question what law governs a contract depends, theoretically at least, upon the intention of the contracting parties, and to ascertain this intention the courts have established certain rules, which experience teaches it is better to observe (though it may sometimes defeat the intention of parties) than to attempt to ascertain their intention by mere verbal declarations, or the minute circumstances of each particular case. An agreement to perform an act at a particular place is made with reference to the law of that place, and an agreement to perform an act without designating a place for performance is presumed to be made with reference to the law of the place at which the agreement was made; and these presumptions are conclusive."

In the case of Short & Co. v. Trabue & Co. it may be said that there was no proof that the writing indorsed had the effect of a bill of exchange in Louisiana. Still this does not dispense with the reason or necessity for the rule estab-

lished when applied either to the case of Short & Co. v. Trabue & Co. or the one under consideration.

In the present case the Bank of Kentucky at the date of the assignment was and now is a corporation in this state. Hyatt was a resident of this state, and the indorsement made at the bank in Louisville, and the money there received for it. The contract of assignment was completed in Kentucky, and although the appellant may have known that the legal character attached to the paper in Louisiana was that of a bill of exchange, this court will not upon mere presumption alter his liability upon a contract made and fixed by the law of the place where it was executed. To establish a different principle would be, in effect, to determine all these questions by a party's knowledge of the law, or the opportunities afforded him of knowing what the law was. This may conflict to some extent with the reasoning of this court in the case of Chambers v. Carlisle, but the latter case recognizes the same principle settled in the case of Short & Co. v. Trabue & Co. By adhering to the rule herein established, the liability of the parties is ascertained, and the principle involved of universal application.

The paper indorsed by appellant being a mere promissory note, he is not liable as the indorser of a bill, and there is no cause of action against him either in the original petition or the first amendment thereto.

The amendment filed in May, 1869, presents a new cause of action, and can not refer back to the cause of action, if any existed, in the original petition, so as to prevent the statute of limitation from running. The original petition seeks to make the appellant liable as indorser upon a bill, and the amended petition charges him with the conversion of a note or bill—one upon a contract and the other for an alleged wrong committed.

If A should institute his action against B upon a note

alleged to be due for goods sold and delivered, and it appearing that B was not liable on the note, and A should then file an amended petition upon an account for goods and wares sold and delivered, and for the same goods for which the alleged note was executed, we think it clear that the party could plead the statute to the account if barred by limitation, and that the original action would not preclude the defense.

The proof shows that the appellant returned to Kentucky in 1862, and has been in the state since that time, and therefore the cause of action, if any existed in the amended petition, is barred by limitation.

The judgment is reversed, with directions to the court below to set aside the judgment rendered herein, and award to appellant a new trial, and for further proceedings not inconsistent with this opinion.

Judge LINDSAY concurs with the court as to the law of the case, but thinks that Hyatt, from the facts proven, is estopped from making the defense relied on.