## CHESTER E. FURBER *vs.* LYMAN S. FOGLER.

### Somerset.    Opinion June 30, 1903.

*Sales.    Stock.    Consideration—Mere Inadequacy.· Fraud.    Release.    Accord
and Satisfaction.    Declarations of Party.    Verdict.    New Trial.
Equitable Influences on Jury.*

In the absence of inquiry, the omission to mention an indebtedness of a corporation, a transfer of whose stock is the consideration for a promissory note, would not justify a jury in finding fraudulent concealment of facts, in a suit on the note.

In a suit on a promissory note given for the purchase price of stock in a corporation, the defense of fraud is not made out when the defendant's own version of the transaction fails to show such fraudulent representations as to the value of the property as would render the notes invalid.

A distinction is to be observed between want or failure of consideration, which is a defense pro tanto to an action between the parties, and inadequacy of consideration which does not, in law, constitute a defense.

In the absence of fraud a party will not be allowed to interpose, as a defense to an action for the purchase price, the fact that the property was not pecuniarily worth what he supposed it to be.

When the consideration for a promissory note consists of the payee's agreement to transfer to the maker certain stock in a corporation, the agreement is no less valid because the value of the stock becomes depreciated by subsequent events.

Such a depreciation no more gives the defendant a right to avoid his obligation to pay the stipulated price than an enhanced value would avail the plaintiff as an excuse for the non-fulfillment of his agreement.

A purchaser of stock, who paid $300 down and gave his note for the balance, offered to lose the $300 already paid and be released from further liability. There was no evidence of any verbal or written acceptance or of any release; and the notes were not surrendered.

*Held;* that a declaration by the payee that the maker "was out of the mill business and that he was $300 ahead by the transaction," is not sufficient ground on which to sustain a verdict based upon the defense of a release.

Where it appears that the jury must have been moved by seemingly equitable influences, instead of weighing the evidence under the rules of law given them, their verdict will be set aside.

Motion by plaintiff for new trial.    Sustained.

Assumpsit brought to recover the amount due on two promissory notes given by the defendant to the plaintiff, in part payment for the transfer to him of plaintiff's holdings in the capital stock of the Gate City Lumber Company of Port Angeles, on Puget Sound, in the State of Washington.

A witness whose deposition was taken on behalf of defendant testified in answer to one of the direct interrogatories as follows:—

"8. Did Mr. Furber prior to making of said mortgage tell you that he had got $300, which Mr. Fogler had paid in cash and that Mr. Fogler was out of it, and that the transaction between himself and Mr. Fogler was ended?

"To interrogatory eight, he answers: Mr. Furber, in the presence of myself and C. A. Cushing, my father, said that he had got $300 from Mr. Fogler and that Mr. Fogler was out of the mill business and that he was just $300 ahead by the transaction."

The case is stated in the opinion.

*S. J. and L. L. Walton; A. A. Beaton,* for plaintiff.
*C. E. and A. S. Littlefield; A. K. Butler,* for defendant.

SITTING: WISWELL, C. J., STROUT, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

PEABODY, J. This is an action of assumpsit to recover upon two promissory notes, dated June 2, 1900, respectively for $300, eighteen days after date, and $500 six months and eighteen days after date, given by the defendant to the plaintiff as part of the purchase price, $1200, of one-sixth part of the total number of shares of the entire capital stock of the Gate City Lumber Company of Port Angeles, in the State of Washington, which the plaintiff, being an owner of one-third interest in the corporation, agreed in writing to assign and transfer to the defendant; and as no certificates of the capital stock had, at the date of the notes and agreement, been printed or issued by the company, the plaintiff in said writing further agreed upon the printing and issue of the certificates to assign and deliver them to the defendant and cause the transfer to be entered upon the books of the corporation.

The plea was the general issue, with a brief statement of special matters of defense:

1.  That the defendant was induced by false and fraudulent representations of the plaintiff to give the notes.

2.  That there was no consideration for the notes, or if there was, it has wholly failed.

3.  That he has been released by the plaintiff.

The verdict of the jury was for the defendant, and the case comes to the law court on the plaintiff's motion that the verdict be set aside.

At the date of the transaction between the parties, a saw-mill was owned by the Gate City Lumber Company, a corporation whose entire stock was held by the plaintiff and two other persons in equal proportions, but no certificates of stock had been issued.

The location of the mill was on Puget Sound at Port Angeles, in the State of Washington, a town of eleven thousand inhabitants.  On the same site there had previously been a mill which was destroyed by fire.  The surrounding country was well timbered and a railroad to the mill had been chartered, and the work upon it had been commenced.

The defendant had bought stock in the railroad and had come to the place under guaranty of employment in the enterprise.  While waiting he boarded at the house of the plaintiff and spent a part of his leisure around the mill.  There was an indebtedness of the corporation of about one thousand dollars, and subsequently a mortgage was placed upon the mill-plant by the three original owners of the capital stock without notice to the defendant.  Neither in this matter nor in other business was he ever recognized by the managers of the company as having any interest in the mill, although he had knowledge that a mortgage was contemplated for the purpose of raising money to purchase a planer, and this he favored as he believed the machine would add to the profits of the business.

Soon after the defendant's purchase the railroad through failure to place its bonds was abandoned.  The opportunities for successful mill operations were thereby lessened, the prospective value of the

property was greatly diminished, and it was finally taken under foreclosure of the mortgage.

There is some conflict of testimony as to the representations of the plaintiff in regard to the capacity of the mill, but even the defendant's version falls short of such fraudulent representations affecting the value of the property of the corporation as would render the notes invalid. The defendant was on the ground and had opportunity to observe all the conditions affecting the value of the property and must have relied mainly upon his own judgment. The omission of the plaintiff to mention the indebtedness of the corporation in the absence of any inquiry by the defendant would not justify the jury in finding fraudulent concealment of facts.

It is claimed by the defendant that his theory of a discharge gave the jury the right to decide in his favor, not only on the ground of substantial justice, but by the rules of law.

It appears that the defendant paid $300 of the purchase price when the memorandum of agreement was signed and the notes in suit were given; and he testifies that he made a proposition to the plaintiff by which he offered to lose the sum paid, provided the company would release him from the terms of the memorandum. This is denied by the plaintiff, though he subsequently recognizes the fact that "Fogler was out of the mill business and that he was just $300 ahead by the transaction." But there is no evidence that such a proposition was acted upon by the plaintiff, either by verbal or written acceptance, or any release of the defendant from his obligation under the memorandum. There was no surrender of the notes or any consideration for the alleged discharge. There was consequently no release of the defendant in accord and satisfaction within the meaning of the law, and no statutory discharge of the demand. And upon this ground the jury were not justified in their verdict. *Deering* v. *Moore,* 86 Maine, 181, 41 Am. St. Rep. 534; *Burgess* v. *Denison Paper Manufacturing Company,* 79 Maine, 266; R. S., chap. 82, § 45.

The evidence bearing upon the consideration of the notes consists of facts which are not in controversy. A distinction is to be observed between want or failure of consideration, which is a defense or defense

pro tanto to an action between the parties, *Edwards* v. *Pyle*, 23 Ill. 295; *Maxfield* v. *Jones*, 76 Maine, 135; *Shoe and Leather National Bank* v. *Wood*, 142 Mass. 568; *Savage* v. *Whitaker*, 15 Maine, 26, and inadequacy of consideration which does not in law constitute a defense. Norton on Notes & Bills (3d ed.) 277; *Worth* v. *Case*, 42 N. Y. 362; *Earl* v. *Peck*, 64 N. Y. 596; *Hamer* v. *Sidway*, 124 N. Y. 538, 21 Am. St. Rep. 693.

The consideration of the notes in suit consisted of the plaintiff's agreement to transfer and assign to the defendant one-sixth of the capital stock of a corporation and to assign to him certificates of this amount when printed and issued by the corporation. It was a valuable consideration in the sense of the law. *Currie* v. *Misa*, 10 L. R. Exch. 153. It was at the inception of the notes a valid agreement and is not less valid because the value of the subject matter has become depreciated by subsequent circumstances. This depreciation gives the defendant no greater right to avoid his obligation to pay the stipulated price for the property than an enhanced value would avail the plaintiff as an excuse for the non-fulfilment of his agreement. In the absence of fraud a party will not be allowed to interpose as a defense the fact that the property was not pecuniarily worth what he supposed it to be. "The courts do not sit to make contracts but only to enforce those the parties have already made."

Our conclusion is, that the jury must have been influenced by what they deemed equitable considerations, and erred in weighing the evidence given them under rules of law.

*Motion sustained.*