Hillsborough, }
Nov. 5, 1924. }

### HENRY V. CUNNINGHAM, *Trustee, v.* MARY C. FERGUSON.

### SAME *v.* EUGENE COUTURE & *a.*

A contract executed in Massachusetts by a resident of that state providing for the payment of money to a resident of New Hampshire at a future date, either at the Massachusetts office of the obligor or at any bank, is governed by the law of Massachusetts, and an action by the trustee in bankruptcy of the obligor to recover a penalty under P. S., *c.* 203, *s.* 2, cannot be maintained.

DEBT, for a penalty under section 2 of chapter 203 of the Public Statutes, with a count in assumpsit for money had and received. The writs were dated June 10, 1921. Pleas, general issue. Facts agreed.

In 1920, Charles Ponzi, of Boston, was engaged in business there under the name "Securities Exchange Company," claiming to deal in foreign exchange and international reply coupons, with a branch office in Manchester occupied by an agent. An agent of Ponzi called on the defendant, Mary C. Ferguson, in Manchester, and solicited an investment, representing that Ponzi would take the defendant's money, invest it in international reply coupons, and that said transaction would give the defendant a profit of fifty per cent. In June, 1920, the defendant gave this agent one thousand dollars to be invested, receiving a printed receipt, signed by the agent, upon which appeared the following: "This receipt is only temporary and will be replaced with a regular receipt signed by the authorized officials of the Securities Exchange Company after the above amount has been transmitted to said Company by the agent." The authority of the agent was limited to soliciting, receiving, and transmitting of funds. A few days later the defendant received by mail from Boston the regular receipt of which the following is a copy.

No. ....                          Boston, Mass., June 10, 1920.

The Securities Exchange Company, for and in consideration of exactly one thousand dollars exactly, the receipt of which is hereby acknowledged, agrees to pay to the order of Mary C. Ferguson upon presentation of this voucher at ninety days from date, the sum of exactly fifteen hundred dollars at the Company's office, 27 School Street, Room 227, or at any bank.

$1500                          The Securities Exchange Company
                                        per Charles Ponzi

Forty-five days after the date of said voucher the defendant received a notice by mail from the company's office in Boston, advising her that upon surrender of said voucher she would receive the sum of fifteen hundred dollars. The defendant called at the office of the agent in Manchester, surrendered the voucher, and received a check for fifteen hundred dollars payable to her order. Said check was made and dated at said company's office in Boston, payable at the Merchants National Bank at Manchester. The check was paid by the bank on presentation.

October 25, 1920, Ponzi was adjudged a bankrupt and trustees were appointed in Boston who bring this action. It further appears that Ponzi never dealt in international reply coupons, and that all his transactions were fraudulent from the beginning, which facts were not known to the defendant.

Under the laws of Massachusetts, the parties may contract for any rate of interest on loans of three hundred dollars or over.

The facts in the action against Couture Brothers are the same as above except that Eugene Couture of Couture Brothers called at the company's office in Boston, and paid to it one thousand dollars, and received then and there a writing therefor exactly like the one sent to Mary C. Ferguson. These defendants sent their voucher by mail to the Boston office of the company, and received their check by mail. They also had a like transaction with the company in which they paid five hundred dollars and received seven hundred and fifty dollars.

If upon the foregoing statement of facts the plaintiff can maintain the actions for debt for a penalty, judgment may be entered for the plaintiff against Mary C. Ferguson for $1,477.50 and against Couture Brothers for $2,216.25. If not, and recovery can be had on the counts for money had and received for the amount paid the defendants in excess of the original investment with interest at six per cent, then judgment may be entered for the plaintiff against Mary C. Ferguson for $492.50 and against Couture Brothers for $738.75. Otherwise judgment is to be entered for the defendants.

Transferred without ruling by *Branch*, J.

*Arthur S. Healy* and *George A. Wagner*, for the plaintiffs.

*Charles A. Perkins*, for the defendants.

PLUMMER, J. It is stated in the agreed facts that under the laws of Massachusetts the parties may contract for any rate of interest on

loans of three hundred dollars or over. Therefore the contracts under consideration were not in violation of any usury laws of Massachusetts, and if the contracts between these parties were Massachusetts contracts, the plaintiff cannot recover penalties under the usury laws of this state.

There can be no doubt that the agreements between Ponzi, doing business as the Securities Exchange Company, and the defendants, Couture Brothers, were Massachusetts contracts. The defendant, Eugene Couture, called at the company's office in Boston and paid to it one thousand dollars and received therefor an agreement like the one given Mary C. Ferguson, a copy of which appears in the agreed facts, in the form of a promissory note. In forty-five days thereafter, the defendants, after receiving notice, sent the agreement to the Boston office of the company, and received a check payable at the Merchants National Bank in Manchester for fifteen hundred dollars which was paid after they deposited it in said bank. Later the defendants made a further payment to this company of five hundred dollars, in the same way and with the same result as the first one. The contracts were made, delivered and to be performed in Massachusetts, and must be governed by the laws of that state. The fact that the payment of the money was to be made at the company's office or at any bank cannot affect the status of the agreement as a Massachusetts contract. If it is conceded that the payments by the terms of the agreement were payable anywhere, that does not aid the plaintiff.

"To bring a contract within the general rule of the *lex loci*, it is not necessary that it should be payable exclusively in the place of its origin. If payable everywhere, then it is governed by the law of the place where it is made, for the plain reason that it cannot be said to have the law of any other place in contemplation to govern its validity, its obligation, or its interpretation." *Bank of Orange County* v. *Colby*, 12 N. H. 520, 523; *Stevens* v. *Norris*, 30 N. H. 466, 470; *Whitney* v. *Whiting*, 35 N. H. 457, 462.

The facts in relation to the transaction between the Securities Exchange Company and the defendant, Mary C. Ferguson, are the same as in the Couture case except that an agent of the company called upon the defendant in Manchester, and she gave to him one thousand dollars, and received from him a temporary receipt. A few days later the defendant received by mail from Boston the agreement, a copy of which appears in the statement of facts. The authority of the agent, as stated in the agreed facts, was limited to the

soliciting, receiving and transmitting of funds. He had no authority to make any contract with the defendant, and did not attempt to do so. He simply gave her a temporary receipt which informed her that a regular receipt would be sent to her signed by the authorized officials of the company after the funds had been transmitted to it. The authorized officials were to accept the funds and issue the contract in Boston. The contract, which was a promissory note, was dated and made in Massachusetts, and was payable at the office of the company or at any bank. Such a transaction is a Massachusetts contract and governed by Massachusetts laws. *Bank of Orange County* v. *Colby; Stevens* v. *Norris; Whitney* v. *Whiting,* all above cited.

"If a note is made payable at a particular place, the law of the place where it is thus made payable will govern its construction; but a note made and dated in a particular place will be deemed to be a note of that place and governed by the law of that country, whether it is expressly made payable there or is payable generally, without naming any particular place." *Orcutt* v. *Hough,* 54 N. H. 472.

In *Shoe & Leather Nat. Bank* v. *Wood,* 142 Mass. 563, it was held that a note made, signed and by its terms payable in Kentucky, although sent by mail to the payees in Massachusetts, is a Kentucky contract, and is to be governed by the laws of that commonwealth.

The plaintiff's writs contain a count in assumpsit for money had and received, but he does not present in his brief any reason, argument or authorities in support thereof, and it is therefore assumed and understood that he waives that count.

*Judgments for the defendants.*

All concurred.