AMER REALTY CO. INC. *vs.* THE EASTERN TIRE AND
RUBBER CO. INC.

Suffolk.    January 6, 1931. — January 28, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Landlord and Tenant,* Extension.    *Conflict of Laws.*

The rights of the parties to a lease of real estate in the State of New
York, executed and delivered there, are governed by the laws of that
State.

It appearing that, by the law of the State of New York, where a lessee
continues in the occupation of the leased premises after the expira-
tion of the term, the obligation rests upon him to pay rent for a
further term of one year, the lessor in a lease, executed and delivered
in New York and of real estate in New York, where the lessee held
over the end of the term and no surrender was accepted by the lessor,
was entitled to rent for the entire year following the term stated in
the lease although, previous to the expiration of the term, there had
been negotiations between the parties respecting an extension and
the lessee had written to the lessor a letter to which the lessor did
not reply, stating: "In confirmation of our telephone conversation,
you are renewing, for another year, our lease for" the premises, and,
over two months after the expiration of the term, the lessee had
notified the lessor of his intention to surrender the premises, and a
month later had done so and had delivered the key to the lessor's
office.

CONTRACT for rent.    Writ dated December 20, 1928.

In the Superior Court, the action was tried before *Weed,* J.
Material evidence and rulings by the trial judge are stated
in the opinion.

There was a verdict for the plaintiff in the sum of $562.50,
and the judge reported the action for determination by this
court.

The case was submitted on briefs.

*H. C. Mamber,* for the defendant.

*H. Bergson & S. Bergson,* for the plaintiff.

CROSBY, J.    This is an action of contract to recover rent
for the months of June, July, August and September,
1928, for the use and occupation of premises by the de-

fendant upon the terms stipulated in a lease, the last extension of which expired February 1, 1928. The lease was for a store in New York City, and was executed and delivered in that city.

There were two extensions of the lease which were signed by the parties. In January, 1928, there was discussion between the representatives of the parties respecting a further extension, and on January 6, 1928, the defendant's representative wrote a letter relative to the matter which the plaintiff did not answer. The letter reads as follows: " In confirmation of our telephone conversation, you are renewing, for another year, our lease for premises occupied at 127 W. 67th street, New York City." The defendant continued in possession of the premises after February 1, paying rent as stipulated in the lease; in April it notified the plaintiff that it intended to surrender the premises, and on May 31 vacated them and delivered the key at the plaintiff's office. Shortly before the letter of January 6, 1928, was sent, the defendant's representative stated to the plaintiff, in substance, " I would like to continue in New York for another year, but I would have to get the approval of the board of directors," and the plaintiff's representative replied, " write me a letter and I will write you also, because you know I can get more rent, but you have been an old tenant here and I will let you have it for the same rent, if we can do it."

The plaintiff requested the trial judge to rule as follows: " 1. The tenancy in this case is governed by the laws of the State of New York. 2. By the laws of the State of New York, if a tenant under a written lease holds over beyond the term of said lease or any extension thereof, he automatically becomes liable as a tenant under the terms of said lease for another year. 3. If the defendant occupied the premises after January, 1928, paying rent therefor, it became liable as a tenant under said lease for another year and the defendant could not terminate its tenancy at will." These rulings were given subject to the defendant's exception.

As the leased premises were situated in the State of New York, and the lease was executed and delivered there, it is plain that the rights of the parties are governed by the laws of that State. *Pitkin* v. *Thompson,* 13 Pick. 64, 68, 69. *Carnegie* v. *Morrison,* 2 Met. 381, 390. *Shoe & Leather National Bank* v. *Wood,* 142 Mass. 563. *Fonseca* v. *Cunard Steamship Co.* 153 Mass. 553. *Carmen* v. *Higginson,* 245 Mass. 511. *Seemann* v. *Eneix,* 272 Mass. 189, 193.

The last extension of the lease expired February 1, 1928, with no agreement of the parties for a further term. It is the settled law of New York that where a lessee continues in the occupation of the leased premises after the expiration of the term, the obligation rests upon him to pay rent for a further term of one year, which, in the present case, is one year from February 1, 1928, notwithstanding the fact that in April the defendant notified the plaintiff that it intended to vacate the premises and did so on May 31 and delivered the key to the plaintiff. It was said in *Adams* v. *Cohoes,* 127 N. Y. 175, at page 182: " In tenancies for a term fixed by the lease . . . the rights of the parties are determinate. The landlord in such lease has the right of an election. He may, if the tenant does not vacate the premises at the end of the term, treat him as a wrong doer and bring ejectment or take summary proceedings under the statute to remove him from the premises and he is not required before doing so to serve the tenant with any notice to quit . . . or the landlord may waive his right to the immediate possession and the wrong of the tenant in remaining beyond the expiration of the term and recover of him the rent for another year, for the tenant by remaining over has, by implication, become a tenant for another year from the expiration of his term." *Haynes* v. *Aldrich,* 133 N. Y. 287. *Herter* v. *Mullen,* 159 N. Y. 28, 33. *Sullivan* v. *George Ringler & Co.* 59 App. Div. (N. Y.) 184; affirmed in 171 N. Y. 693. *Baylies* v. *Ingram,* 84 App. Div. (N. Y.) 360; affirmed in 181 N. Y. 518.

The evidence would not warrant a finding that the

parties came to any agreement for an extension of the lease beyond February 1, 1928. The cases cited by the defendant are not pertinent to the facts as shown by the record. The trial judge rightly ruled in accordance with the plaintiff's requests, and correctly instructed the jury respecting the law of the State of New York. In accordance with the terms of the report the entry must be

*Judgment on the verdict.*