Newton Kline *vs.* William P. Baker.

A buyer sent an order for goods to the seller in another state who there delivered them to a carrier for transportation to the buyer. *Held,* that the sale was completed in the state where the seller resided, although the terms thereof were originally agreed on by agents of the parties at the residence of the buyer.

When the evidence of a foreign law consists entirely of a judicial opinion, the question of its construction and effect is for the court, and if it is uncontradicted, and will not support the action, the jury should be so instructed.

In the sense of the rule in *Smith* v. *Smith*, 21 Penn. State, 367, and *Backentoss* v. *Speicher*, 31 Penn. State, 324, that, by the law of Pennsylvania, in order to constitute such fraud as will render a sale void, the buyer's intention not to pay the price and concealment

of his own insolvency is not sufficient, but there must be "artifice, intended and fitted to deceive, practised by the buyer upon the seller," evidence that the manager of the buyer's business, in negotiating at the buyer's residence in Illinois with the seller's agent for the goods within ten days before the buyer sent his order for them to the seller in Pennsylvania, falsely represented that the buyer owned a farm of considerable value and had other means amply sufficient for carrying on his business, and always bought for cash, and did not owe any man, is sufficient to warrant a finding that the buyer's purchase of the goods, made immediately afterwards on a credit of sixty days, and his subsequent similar purchase from the same seller, made before that credit had expired, were fraudulent and passed no title to goods the sale of which was so induced.

GRAY, J. This action of replevin is brought by the seller of intoxicating liquors against a deputy sheriff attaching the same as the property of the purchaser. The plaintiff contends that the sales were induced by fraud of the purchaser and therefore passed no title to him ; and the burden of proving this proposi· tion is upon the plaintiff.

The seller resided in Pennsylvania, and the purchaser in Illinois. The goods were sold in two lots, one in June and the other in August 1865, upon distinct orders sent by the purchaser to the seller. Although the first order was in accordance with terms of sale agreed on between the agents of the parties in Illinois, neither sale was complete until delivery of the goods. That delivery in each case was made to a railroad corporation in Philadelphia, which, in the absence of any agreement between the parties to the contrary, was in law a delivery to the purchaser. Each contract of sale therefore was completed in Pennsylvania, and its validity must be governed by the laws of that state. *Orcutt* v. *Nelson*, 1 Gray, 536. *Finch* v. *Mansfield*, 97 Mass. 89. 2 Kent Com. (6th ed.) 458.

The laws of another state are not laws of this Commonwealth, which our citizens are bound to know, or of which our courts have judicial knowledge ; but they are facts, of which both citizens and courts must be informed as of other facts. As foreign laws can only be known so far as they are proved, no evidence of them can be admitted at the argument before this court, which was not offered at the trial or otherwise made part of the case reserved. *Knapp* v. *Abell*, 10 Allen, 485. *Bowditch* v. *Soltyk, ante,* 138. When the evidence consists of the paro testimony of experts as to the existence or prevailing construc-

tion of a statute, or as to any point of unwritten law, the jury must determine what the foreign law is, as in the case of any controverted fact depending upon like testimony. *Holman* v. *King*, 7 Met. 384. *Dyer* v. *Smith*, 12 Conn. 384. *Moore* v. *Gwynn*, 5 Ired. 187. *Ingraham* v. *Hart*, 11 Ohio, 255. But the qualifications of the experts, or other questions of competency of witnesses or evidence, must be passed upon by the court; and when the evidence admitted consists entirely of a written document, statute or judicial opinion, the question of its construction and effect is for the court alone. *Church* v. *Hubbart*, 2 Cranch, 187. *Ennis* v. *Smith*, 14 How. 400. *Owen* v. *Boyle*, 15 Maine, 147. *State* v. *Jackson*, 2 Dev. 563. *People* v. *Lambert*, 5 Mich. 349. *Bremer* v. *Freeman*, 10 Moore P. C. 306. *Di Sora* v. *Phillipps*, 10 H. L. Cas. 624. And 'if the evidence is uncontradicted, and will not support the action, it is the duty of the court so to instruct the jury.

By the law of Massachusetts, purchasing goods with an intention not to pay for them is of itself a fraud which will render the sale void and entitle the seller to reclaim the goods. *Dow* v. *Sanborn*, 3 Allen, 181. The only evidence, introduced at the trial, of the law of Pennsylvania upon this subject was the cases of *Smith* v. *Smith*, 21 Penn. State, 317, and *Backentoss* v. *Speicher*, 31 Penn. State, 324, as published in the official reports, by which it appears that, in the opinion of the supreme court of that state, there must be " artifice, intended and fitted to deceive, practised by the buyer upon the seller," in order to constitute such a fraud as will make the sale void; and that the buyer's intention not to pay for the goods and concealment of his own insolvency is not such a fraud. These reports were competent, and, in the absence of all other evidence, conclusive proof, of the law of Pennsylvania. Gen. Sts. *c.* 131, § 64. *Penobscot & Kennebec Railroad Co.* v. *Bartlett*, 12 Gray, 244.

But the plaintiff introduced evidence that Burleigh, who was either a partner or the manager of the business of Dore, the purchaser, represented to Sheble, the agent of the plaintiff, at the time of negotiating with him for the purchase of the first lot of liquors, and within ten days before sending the order for them

to Philadelphia, that Dore had a farm worth ten thousand dollars, and other means amply sufficient to carry on his business, and that he always purchased for cash and did not owe any man; and that these representations were false. This was clearly sufficient evidence of fraudulent representations intended to induce and in fact inducing the plaintiff to sell to Dore, or, in the language of the supreme court of Pennsylvania, "artifice, intended and fitted to deceive, practised by the buyer upon the seller," to warrant a jury in finding that the purchase made immediately afterwards on a credit of sixty days, as well as the subsequent purchase made before that credit had expired, was fraudulent and passed no title. The learned judge therefore erred in ruling that upon the evidence the plaintiff could not recover, and in directing a verdict for the defendant. *Nichols* v. *Pinner*, 18 N. Y. 295, and 23 N. Y. 264. *Hall* v. *Naylor* 18 N. Y. 588. *Reenie* v. *Parthemere*, 8 Penn. State, 460. *Seaver* v. *Dingley*, 4 Greenl. 306. *Wiggin* v. *Day*, 9 Gray, 97.

*Exceptions sustained.*

*J. Lathrop*, for the plaintiff.
*J. D. Ball*, for the defendant.