## JABEZ A. HAINES & another *vs.* MICHAEL HANRAHAN.

It is competent for a jury to find ale intoxicating on the testimony of a witness who saw and smelled but did not taste it.

In passing upon a bill of exceptions, no statute of another state can be considered, which is not made part of it.

On the trial of an action for the price of ale sold to the defendant, the judge, in answer to a request of the plaintiff for a ruling as to the proportion of alcohol it must have contained to have been a spirituous liquor, instructed the jury that, "in determining the question whether the ale was intoxicating, they were to consider whether in the common use of the word it was an intoxicating liquor." *Held,* that the instruction was to be construed as referring to the common use of the word "intoxicating."

CONTRACT for the price of ale sold by the plaintiffs to the defendant in 1867 and 1868.

At the trial in the superior court, before *Pitman,* J., the evidence of the plaintiffs, who resided in Manchester, New Hamp-

shire, tended to show that the defendant, who resided at Manchester in this Commonwealth, sent them written orders for the ale, upon which they forwarded it to him; and it was not disputed that the contract of sale was made, and the ale delivered in pursuance of it, in New Hampshire. The defendant admitted that he received the ale, "but contended that he was not liable to pay for the same, on the ground that at the times when the plaintiffs sold and delivered it they were not duly authorized to sell the same in New Hampshire, and that the sales were made in violation of the liquor law of that state."

To prove that the ale was intoxicating, the defendant introduced, among other evidence, the testimony of a deputy of the constable of the Commonwealth, who testified that he seized some of it at the railroad station in Lawrence, in transit from the plaintiffs to the defendant, and "that he did not taste of it, but that he smelled of it, that he examined it, that it had the appearance of other kinds of ale which he knew to be intoxicating, and that it was intoxicating."

The plaintiffs requested the judge to instruct the jury, 1. "that, there being no prohibition in the laws of New Hampshire of the manufacture of ale, and by the laws of New Hampshire parties have a right to manufacture ale, the plaintiffs had a right to manufacture and sell ale to parties out of the state, to be carried out of the state;" and 2. "that, if said ale contained a very small or infinitesimal quantity of spirit, the same was not spirituous liquor within the meaning of the laws of New Hampshire." The judge refused the first instruction; and as to the second, he instructed the jury "that, in determining the question whether the ale was intoxicating, they were to consider whether in the common use of the word it was an intoxicating liquor." The jury returned a verdict for the defendant, and the plaintiffs alleged exceptions. The bill of exceptions contained no reference to the statutes of New Hampshire other than in the extracts above quoted.

*J. C. Sanborn,* for the plaintiffs.

*E. T. Burley,* for the defendant.

GRAY, J. The plaintiffs have not shown any ground for sustaining either of their exceptions to the rulings and instructions at the trial.

1. The testimony introduced by the defendant to show that the ale was intoxicating does not appear to have been incompetent. The court cannot know, as matter of law, that the witness who testified that it was intoxicating was not able to satisfy himself of that fact by his senses of sight and smell.

2. If the law of New Hampshire, on which the plaintiffs relied, was contained in a written statute, the question of its construction was doubtless for the court. But no statute of another state can be considered by this court, which is not made part of the bill of exceptions. *Knapp* v. *Abell*, 10 Allen, 485. *Upham* v. *Damon*, 12 Allen, 98. *Kline* v. *Baker*, 99 Mass. 253. And the only statute referred to at the argument prohibits all sales of spirituous liquors by persons other than town agents ; and does not make a sale, completed by contract and delivery in New Hampshire, (as this sale is found to have been,) valid if the liquor was to be carried away and consumed out of that state. Gen. Sts. of N. H. *c.* 99, § 13.

3. The instruction given sufficiently covered the second instruction requested. The evident meaning of the instruction given is, that the jury, in determining the question whether the ale was intoxicating, were to consider whether it was an intoxicating liquor in the common sense of the word " intoxicating " — not (as the plaintiffs contend) in the common sense of the word " ale."

*Exceptions overruled.*