WILLIAM H. HACKETT *vs.* DANIEL POTTER.

Essex. Nov. 10, 1882. — Sept. 10, 1883. C. ALLEN, COLBURN & HOLMES, JJ., absent.

If, at the trial of an action of replevin of personal property, to which the plaintiff claims title under a mortgage executed in another State, where the parties to the mortgage reside and the property is situated, the statutes and judicial opinions of the courts of which are put in evidence, the presiding judge rules that, as matter of law, upon that evidence, the mortgage is invalid as against an attaching creditor, upon exceptions to this ruling the question to be decided by this court is, if the evidence is conflicting, whether the evidence was such as to warrant the judge in finding as a fact that, by the law of the other State, the mortgage was invalid as against an attaching creditor.

A *dictum* of the highest court of another State is admissible in evidence as to what the law of that State is.

REPLEVIN of seven eighths of a schooner, attached by the defendant, a deputy sheriff, as the property of Valentine Doane, Jr., upon a writ against him in favor of D. Crowell and another. After the former decision, reported 131 Mass. 50, that a part-owner of a vessel could not maintain replevin for his undivided part, the defendant moved for judgment for a return. Upon this

motion, a hearing was had in the Superior Court, before *Colburn*, J , who ruled that the defendant was entitled to judgment for a return. The plaintiff alleged exceptions, which appear in the opinion.

*S. B. Ives, Jr.*, for the plaintiff.

*C. Sewall*, for the defendant.

FIELD, J. This case comes here upon exceptions to a ruling in the Superior Court that the defendant is entitled to a judgment for a return of the property replevied. Judgment generally for the defendant has been entered, in accordance with the decision in 131 Mass. 50. The plaintiff contends that, notwithstanding that judgment, he is entitled to retain, as against the defendant, possession of the schooner, by virtue of a mortgage to him, and an indenture with him, whereby seven eighths of the schooner were conveyed to him by one Doane, to hold as collateral security, or in trust, for the payment of money lent Doane by the First National Bank of Portsmouth. The view we take of the case renders it unnecessary to determine whether, if this mortgage or this indenture is valid, as against an attaching creditor of Doane, the defendant would not still be entitled to a judgment for a return. Both these instruments were executed in New Hampshire, by parties resident there, and purport to convey, in mortgage or in trust, personal property situated there ; and the validity of them must be determined by the law of that State. The law of New Hampshire is a fact to be proved. The court found that the statutory law in force at the time this mortgage and this indenture were made was as it is found printed in the General Laws of New Hampshire, *c.* 137, §§ 6, 8–10, 12, 16. The following decisions of the Superior Court of Judicature, or of the Supreme Judicial Court of that State, were put in evidence. *Lathrop* v. *Blake*, 23 N. H. 46. *Belknap* v. *Wendell*, 31 N. H. 92. *Hill* v. *Gilman*, 39 N. H. 88. *Parker* v. *Morrison*, 46 N. H. 280.

This court is necessarily confined to the statutes and decisions introduced in evidence in the court below, and set out in the exceptions. *Haines* v. *Hanrahan*, 105 Mass. 480. *Knapp* v. *Abell*, 10 Allen, 485. *Kline* v. *Baker*, 99 Mass. 253.

It is stated in the exceptions, that, " upon this evidence, the judge ruled that, as matter of law, said mortgage was invalid

as against an attaching creditor." The question before us is, whether the evidence was such as to warrant the justice who heard the case in finding, as a fact, that, by the law of New Hampshire, the mortgage was invalid as against an attaching creditor. It is said that, when the evidence of the law of another State "consists entirely of a written document, statute or judicial opinion, the question of its construction and effect is for the court alone." *Kline* v. *Baker, ubi supra. Ely* v. *James,* 123 Mass. 36.

If it is for the court to construe the statutes and judicial opinions of another State, still, if the evidence be conflicting in its application to the particular case, it is a question of fact what the law is, and the finding of this fact by the judge who tries the case without a jury is final, if there is sufficient evidence to support it. *Ames* v. *McCamber,* 124 Mass. 85.

If a statute of New Hampshire has been construed by the courts of that State, the question of fact is what has been the construction given to it by those courts. If the decision of the case depends upon the law of New Hampshire, courts here endeavor to decide as the courts of that State would if the case were pending there. *Holman* v. *King,* 7 Met. 384.

The objections taken to the validity of the mortgage are, that it was given to the plaintiff to secure a debt due to the First National Bank of Portsmouth, and that the affidavit is that the debt is a "just debt honestly due and owing from the mortgagor to the mortgagee as trustee, as herein recited." We think the opinions in *Parker* v. *Morrison,* 46 N. H. 280, and *Belknap* v. *Wendell,* 31 N. H. 92, are sufficient evidence to warrant the finding that the affidavit was not in accordance with the statute of New Hampshire.

The plaintiff relies upon the indenture as an independent conveyance. This is in effect a mortgage by Doane to the plaintiff in trust for the bank, as security for the payment to it of the debt of Doane. We think the opinion in *Parker* v. *Morrison, ubi supra,* is sufficient evidence to warrant the finding that this indenture, as well as the mortgage, was not in accordance with the statute of New Hampshire. In that case, *Sargent,* J., in delivering the opinion, says: "Hence, when a mortgage of personal property is given to secure a debt, in the technical sense in

which that term is used in this statute, it must be a debt due and owing from the mortgagor to the mortgagee. If it is given to secure a liability, it must be the liability of the mortgagee assumed for the mortgagor. If it is given to secure the performance of any other agreement, it must be an agreement between the mortgagor and the mortgagee, to the truth, validity and justice of which they are both able to testify. The simple reading of our statute would seem to be a full and perfect answer to the argument that such mortgages, like mortgages of real estate, may be given to a stranger to secure the debt of any third person, nor do we find any countenance given to such a position in the authorities cited in support of it."

It is argued that these statements are *obiter dicta;* but, without determining this, it is enough to say that the *dicta* of the Supreme Judicial Court of New Hampshire found in the reports of cases are some evidence of what the law of that State is.

*Exceptions overruled.*