## COMMONWEALTH vs. THOMAS H. GAVIN.

Middlesex.    January 29, 1894. — February 27, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, & MORTON, JJ.

*Intoxicating Liquors — " Beer " — Exceptions.*

A bill of exceptions, alleged at the trial of an indictment for keeping and main-
taining a liquor nuisance, recited that the government introduced evidence tend-
ing to prove that beer was sold upon the defendant's premises by his bar-keeper
to minors during the time covered by the indictment; that A., one of the minors,
testified that he bought beer at the defendant's place of business of his bar-
keeper during that time; that, at the close of the evidence, the defendant asked
the judge to rule that there was no evidence that intoxicating liquors had been
illegally sold by the defendant during the time in question; that the judge re-
plied that, as he remembered the evidence, the defendant's bar-keeper testified
that he had sold intoxicating liquor to A. within the time covered by the indict-
ment, and that it was beer; and that the judge thereupon declined to rule as
requested, and instructed the jury that, if they found that the defendant's bar-
keeper testified as above stated, they would be justified in finding "beer," as
used by the witnesses, to mean intoxicating liquor.  *Held,* that the defendant
showed no ground of exception.

INDICTMENT, for keeping and maintaining a certain tenement
in Natick used for the illegal keeping and sale of intoxicating
liquors, between May 1, 1892, and February 18, 1893.    Trial in
the Superior Court, before *Blodgett,* J., who allowed a bill of
exceptions, in substance as follows.

The government introduced evidence tending to prove that
the defendant, during the time in question, was the proprietor
of the Russell House in Natick, and during that time had an
innholder's license and licenses of the first and fourth classes
under Pub. Sts. c. 100, § 10; and that beer was sold upon the
premises by the defendant's bar-keeper to minors at different
times between the dates named in the indictment.    One of the
minors, named Murphy, testified that he bought beer at the
defendant's place of business of Frank Gavin, the defendant's
bar-keeper, on July 4, 1892, on Thanksgiving night, 1892, and
on January 8, 1893.

At the close of the evidence, the defendant asked the judge to
rule that there was no evidence that intoxicating liquors had
been illegally sold by the defendant during the time in question,

the attention of the judge being called to the fact that the only evidence of sales was of beer.

To this the judge replied that, as he remembered the evidence, John Gavin, the defendant's bar-keeper, had been asked by the district attorney, on cross-examination, whether he had sold intoxicating liquor to Murphy within the time covered by the indictment, to which the witness replied, " Yes "; and that the district attorney then asked, " What?" and he answered, " Beer." The judge thereupon declined to rule as requested; and the defendant excepted.

The judge instructed the jury that, if they found that John Gavin testified as above stated, they would be justified in finding " beer," as used by the witnesses, to mean intoxicating liquor; and the defendant excepted.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*D. D. Corcoran*, for the defendant.

*F. N. Wier*, District Attorney, for the Commonwealth.

HOLMES, J.   We must take it that the defendant's bar-keeper, John Gavin, testified that he had sold intoxicating liquor to the minor Murphy within the time covered by the indictment, and that he also testified that it was beer.   No question seems to have been raised as to his competency to make the statement, and the evidence does not appear to have been objected to. The testimony was evidence that the beer sold by the witness was intoxicating.   *Haines* v. *Hanrahan*, 105 Mass. 480.   *Commonwealth* v. *White*, 15 Gray, 407.   *Carl* v. *State*, 87 Ala. 17, 23.   It follows that the presiding judge could not rule that there was no evidence that intoxicating liquors had been sold illegally.

The minor Murphy testified that he had bought beer at the same place of the defendant's bar-keeper, Frank Gavin, at different times.   The judge instructed the jury that, if they found that John Gavin testified as above stated, they would be justified in finding " beer " as used by the witnesses to mean intoxicating liquor.   So far as appears, the jury might have inferred that the bar-keeper referred to by the minor was the same who had testified, notwithstanding the minor's calling him Frank.   If so, they well might infer that he meant the same

kind of beer with reference to all the occasions, that the bar-keeper's evidence referred to one of these at least, and that the kind was shown by the bar-keeper's evidence. But if there were two bar-keepers, both named Gavin, the one who testified showed that intoxicating beer was kept for sale on the premises and had been bought by the same minor there. It is not a very violent inference that, when the minor testified to other purchases of beer on the premises, he meant the same kind of thing, whatever may be the limit of the jury's right to interpret the English language as commonly used apart from any elucidation from the circumstances. See *Myers* v. *State*, 93 Ind. 251; *Briffitt* v. *State*, 58 Wis. 39; Black, Intoxicating Liquors, § 17. Whether the instruction extended to any other testimony than that of Murphy, is not made clear by the bill of exceptions. But if we are to take it as doing so, in the absence of any statement except that the government put in evidence that beer was sold upon the premises by the defendant's bar-keeper to minors, we cannot say that it was wrong. It appears that the bar-keeper had intoxicating beer for sale, and it does not appear that he had any other.                              *Exceptions overruled.*