## IRA C. BRIDE *vs.* CHARLES F. CLARK.

Suffolk.    December 4, 1893. — March 27, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Promissory Note — Evidence — Exceptions — Foreign Law — Illegal Considera-*
*tion — Buying and Selling Pools on Horse Races — Action.*

A book, offered at the trial of an action as evidence of the law of another State,
which does not purport to be published under the authority of the government
of that State, nor appear to be commonly admitted and read as evidence in its
courts, is rightly excluded.

When parts of a ruling requested were objectionable, but the ruling is not stated in
a bill of exceptions to have been refused as a whole for that reason, if a definite
request contained in it was correct in law and pertinent to the evidence, and was
not in substance given in the charge to the jury, and it is clear that the except-
ing party was thereby prejudiced and injustice done, a new trial may be
ordered.

If the only evidence of the law of another State consists of certain sections of the
statutes of that State, the construction of this evidence is for the court.

Under 1 N. Y. Rev. Sts. (pp. 273, 274), §§ 28, 29, the buying and selling of pools on
horse races is illegal in that State; and if such a sale is the foundation of the
consideration of a promissory note made and delivered in this Commonwealth,
no action can be maintained here by the payee against the maker of the note.

CONTRACT, upon a promissory note for $665.34, dated Sep-
tember 6, 1890, payable six months after date to the plaintiff,
and signed by the defendant.    At the trial in the Superior Court,
before *Richardson*, J., the jury returned a verdict for the plain-
tiff; and the defendant alleged exceptions, which appear in the
opinion.

*P. J. Casey*, for the defendant.

*H. G. Allen*, for the plaintiff.

BARKER, J.    The first exception must be overruled, because
there is nothing to show that the book offered as evidence of
the law of the State of New York, and rejected, was competent.
It did not purport to be published under the authority of the
government of that State, and there was no evidence that it was
commonly admitted and read as evidence in their courts.    See
Pub. Sts. c. 169, § 71.

The other exception is to the refusal to give a ruling requested.
The request included several different elements, one of which

was " that gambling, and such gambling as is described here, is illegal by the laws of New York." If parts of the ruling requested were objectionable, yet as the ruling is not stated to have been refused as a whole for that reason, if a definite request contained in it was correct in law and pertinent to the evidence, and was not in substance given in the charge, and it is clear that the excepting party was thereby prejudiced and injustice done, a new trial may be ordered. The action was upon a promissory note payable to the plaintiff, which the defendant conceded he had signed, and the defences were that it was given without consideration and for an illegal consideration. The note was made and delivered in this State, but the evidence tended to show that the consideration was money which the defendant when attending horse races in the State of New York had there promised to pay for pools which were there sold him on such races. The only evidence of the law of New York consisted of three sections of the statutes of that State; and, as held in *Kline* v. *Baker*, 99 Mass. 253, the construction of this evidence was for the court alone. The buying of pools on horse races is gambling, and the question was fairly raised whether that form of gambling was illegal by the laws of New York, and for the purposes of the case it was to be decided by ascertaining the construction and effect of the statutes which had been put in evidence, and it was the duty of the presiding justice to instruct the jury upon that point. Copies of two of the sections are annexed to the bill of exceptions, and designated as §§ 28 and 29 of the Revised Statutes, 1 Codes and Laws of New York, 273, 274, or Penal Code, §§ 351 and 352. These sections were read to the jury in the charge, and the presiding justice said, in effect, that § 28 seemed to him not to apply directly to persons who bet, but to persons who occupy buildings or offices for the purpose of receiving or registering bets or wagers, or of selling pools, or who allow buildings or offices to be used for such purposes. This construction of the section seems to us erroneous, and calculated to prejudice the case of the defendant. The section imposes a penalty not only on persons who so occupy buildings or offices, or who allow them to be used for the purposes named, but also, in the clause " and any person who records or registers bets or wagers, or sells pools upon the result of any trial or contest of

skill, speed, or power of endurance of man or beast," upon persons who sell such pools as those which the evidence tended to show the defendant had bought, and the price of which was the only consideration for the note in suit.   This would make the sale of such pools an illegal transaction, and the price agreed to be paid an illegal consideration.   The defendant was entitled to have the ruling given in substance, that such gambling as the evidence tended to show was the foundation of the consideration of the note, namely, the buying and selling of pools on horse races, was illegal in the State of New York, and because it was not given, and the jury were in effect instructed to the contrary, the verdict must be set aside.          *Exceptions sustained.*