## MARY E. WYLIE *vs.* HARRIET M. COTTER.

Suffolk. January 18, 1898. — February 26, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Promissory Note — Foreign Law — Liability of Indorser — " Continuing Security " — Demand and Notice — Reasonable Time — Finding.*

Where, in a case tried without a jury, to show the law of another State bearing upon a particular question, certain statutes and decisions of courts in that State are put in evidence, the finding of the judge on this part of the case will not be revised, unless the statutes and decisions conclusively show, in spite of any possible inference of fact or doubts in the interpretation of them, that his finding is wrong.

In an action against the indorser of a promissory note made and delivered in New York, payable on demand without interest, the consideration of which was a sum already due and a further sum to be advanced, where demand was made and notice given more than a year and a half after the date of the note, it cannot be said, as matter of law, that a finding of the judge, who tried the case without a jury, for the defendant was erroneous.

If the rule applicable to an ordinary indorser of a promissory note payable on demand without interest is to be applied to an indorser before delivery of a promissory note made in another State, the consideration of which was a sum already due and a further sum to be advanced, a demand made fourteen months after the last advancement of the consideration is not within a reasonable time.

CONTRACT, upon a promissory note for $5,000, dated at New York, January 28, 1892, payable there on demand to the order of " Geo. W. Wylie & Co.," signed by " R. H. Dana & Co.," and indorsed by the defendant. Accompanying the note was a letter of even date, addressed to the payee, signed by the maker, and reading as follows : " We enclose our note for $5,000, dated Jan.

28, 1892, to cover any advances made to us, or to be made from date. Note on demand."

Trial in the Superior Court, without a jury, before *Hammond,* J., who found for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*J. C. Burke & S. F. Jarvis, Jr.* (of New York), for the plaintiff.

*F. R. Hall,* for the defendant.

KNOWLTON, J.  The note in suit was payable in New York, and was made and delivered there.  The rights and liabilities of the parties are, therefore, to be determined by the laws of New York.  *Lawrence* v. *Bassett,* 5 Allen, 140.  *Woodruff* v. *Hill,* 116 Mass. 310.  *Jewell* v. *Wright,* 30 N. Y. 259.

By the law of New York, one who puts his name on the back of a note before delivery, as the defendant in this case .did, is a mere indorser, and not a joint maker or guarantor.  Like that of any other indorser, his liability does not become absolute until after a proper demand and notice.  *Hall* v. *Newcomb,* 7 Hill, 416. *Meyer* v. *Hibsher,* 47 N. Y. 265.  *Phelps* v. *Vischer,* 50 N. Y. 69.

In the present case a demand was made and notice was given on or about July 31, 1893, more than a year and a half after the date of the note, which by its terms was payable on demand. The question is whether this was within a reasonable time, so that the indorser was charged thereby.  To show the law of New York bearing upon this question, certain statutes, together with thirty-five decisions of courts in that State, were put in evidence.  The law of another State is a fact to be proved, like any other fact, by evidence.  Where the evidence is a single statute or a decision of a court, the language of which is not in dispute, the interpretation of it presents a question of law for the court; but where the law is to be determined by considering numerous decisions which may be more or less conflicting, or which bear upon the subject only collaterally, or by way of analogy, and where inferences must be drawn from them, the question to be determined is one of fact, and not of law.  *Hackett* v. *Potter,* 135 Mass. 349.  *Shoe & Leather National Bank* v. *Wood,* 142 Mass. 563.  *Ufford* v. *Spaulding,* 156 Mass. 65.  *Bride* v. *Clark,* 161 Mass. 130.

In the present case it is not contended on either side that any statute or decision introduced in evidence relates to a contract

identical with that before us, but the counsel for the plaintiff argues from the cases in New York on one side and the other that the principles established, when applied to this note, entitle him to a verdict; while the counsel for the defendant argues to the contrary. The judge of the Superior Court, in considering the evidence, was called upon to determine, as well as he could, what is the present state of judicial opinion in the highest court of New York in reference to the question before him, as manifested by the published decisions of that court. The matters involved in reaching this conclusion presented a question of fact. On this bill of exceptions we cannot revise his finding upon this part of the case, unless it appears that there was no evidence to warrant it, or, in other words, unless the statutes and decisions conclusively show, in spite of any possible inference of fact or doubts in the interpretation of them, that his finding is wrong.

The plaintiff relies principally upon *Merritt* v. *Todd*, 23 N. Y. 28, the head-note of which is as follows: " A promissory note, payable on demand, with interest, is a continuing security ; an indorser remains liable until an actual demand ; and the holder is not chargeable with neglect for omitting to make such demand within any particular time." So far as appears, this case has never been overruled, but it has been, at different times, reaffirmed. *Pardee* v. *Fish*, 60 N. Y. 265. *Parker* v. *Stroud*, 98 N. Y. 379. On the other hand, the courts have been disinclined to extend it. In *Herrick* v. *Woolverton*, 41 N. Y. 581, Foster, J., speaking for the court, says : " I think the case of *Merritt* v. *Todd* has extended the principle of continuing security in such a case to the very verge." See also *Crim* v. *Starkweather*, 88 N. Y. 339.

In the opinion in *Merritt* v. *Todd* much stress was laid upon the fact that the note, although payable on demand, expressly provided for payment of interest. The court said : " If the security be not on interest, it may be a fair exposition of the contract to hold that no time of credit is contemplated by the indorser, and that the demand should be made as quickly as the law will require upon a check or sight draft." This distinction between demand notes bearing interest and those not bearing interest was made in *Wethey* v. *Andrews*, 3 Hill, (N. Y.) 582, and recognized in *Salmon* v. *Grosvenor*, 66 Barb. 160, and in later cases.

The note in suit does not bear interest. The plaintiff seeks to bring the case within the doctrine of *Merritt* v. *Todd* by reason of the letter which was sent by the plaintiff's agent with the note; but the defendant was not a party to the letter and did not authorize it. She is not bound by its language. By writing her name on the back of the note and leaving it, under the circumstances disclosed, she bound herself in favor of one receiving it in good faith and for value in the form in which it appears. She did not authorize anybody to bind her by a writing other than the note. So far as the arrangement made in regard to the consideration of the note bears upon the construction of it, her liability may be affected. The testimony was that the consideration was made up of two thousand dollars already due the plaintiff from the firm of Richard H. Dana and Company, and three thousand dollars to be advanced to that firm. The last of these advances was made on or about June 1, 1892. In the view most favorable to the plaintiff, the letter can only be considered as a part of the evidence in regard to the consideration of the note. Under the law of New York, is a note written in this form, given for such a consideration, to be deemed a continuing security on which the indorser is liable for an indefinitely long period without a demand and notice? It is one question whether it is a continuing security until the advancements have been made to the amount agreed upon, and it is a different question whether it is to be a continuing security after that. That it is written without interest is an important fact in the light of the authorities in New York. If the consideration had been money lent to the amount of five thousand dollars when the note was given, it seems pretty clear under the authorities in New York that the note in its present form would not be a continuing security on which an indorser would remain liable for six years without a demand or notice. The question before the Superior Court upon this branch of the case was by no means free from difficulty. We think it cannot be said, as matter of law, that the finding of the judge upon the evidence was erroneous.

If the rule applicable to an ordinary indorser of a demand note, payable without interest, is to be applied, we are of opinion that the demand made fourteen months after the last advancement of the consideration was not within a reasonable time.

*Sice* v. *Cunningham,* 1 Cow. 397.  *Alexander* v. *Parsons,* 3 Lans. 333.  *Herrick* v. *Woolverton,* 41 N. Y. 581.  *Field* v. *Nickerson,* 13 Mass. 131.  *American Bank* v. *Jenness,* 2 Met. 288.  *Martin* v. *Winslow,* 2 Mason, 241.	*Exceptions overruled.*