## W. H. SAWYER LUMBER COMPANY *vs.* BOSTON AND ALBANY RAILROAD COMPANY.

Suffolk.    March 9, 1899. — May 25, 1899.

Present: HOLMES, KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

*Foreign Law — Obtaining Goods by False Pretences — Passing of Title — Rights of Innocent Vendee.*

If a case is to be decided according to the law of another State, as shown by its statutes and reports, this court is limited to those statutes and reports put in evidence in the court below.

*It seems*, that, by the law of New York, the commission of the offence of obtaining goods by false pretences, though declared to be a larceny, does not prevent the passing of the title to the goods.

By § 544 of the penal code of New York, a person obtaining goods by false pretences is not criminally liable where the pretences related to his means or ability to pay and were not in writing ; and one who has made advances to him in good faith, and without notice of the fraud, may hold the goods to the amount of such advances.

REPLEVIN of two car-loads of lumber. Trial in the Superior Court, before *Richardson*, J., who reported the case for the determination of this court, in substance as follows.

The lumber, when replevied, was being transported by the defendant, a common carrier, as a part of the White Line Central Transit Company, from North Tonawanda, New York, to London or Liverpool, England, under two bills of lading, both dated August 21, 1894, in which Sidney de C. Thompson was the shipper to his own order in care of James Smith, London, and indorsed in blank by Thompson by an agent duly authorized. The action was defended by James Smith and Company, claiming the property to the amount of their advances thereon, namely, £160 sterling made upon a certain draft dated New York City, August 22, 1894, on thirty days' sight, drawn by Thompson to his own order and indorsed by him in blank, by his agent, and accepted by James Smith and Company, August 31, 1894, and later paid by them.

The plaintiff introduced evidence tending to show that, for several months prior to July 25, 1894, the plaintiff had sold

Thompson, through his agent, several lots of lumber, allowing him credit to the amount of $5,000, which had been exhausted; that on or about July 25, 1894, Thompson went to North Tonawanda, introduced himself to one Tuxbury, the treasurer of the plaintiff, and represented to him that he had made money in his business ever since he had started in it, about seven months before; that he represented also that James Smith and Company owed him several thousand dollars; that he represented further that he had made provision to meet all obligations of his then existing as they should mature, including notes to the amount of about $5,000 which he owed the plaintiff, and that he could pay a note about to become due the plaintiff early in August, but requested an extension of the same for thirty days; that he also requested an increase of the line of credit given him by the plaintiff to enable him to increase his business in England, which he represented to be large and profitable; and that the plaintiff through Tuxbury believed and relied upon all the representations so made, extended the note as requested, and at the same time delivered to Thompson at his request, as a purchaser thereof, on credit, the two car-loads of lumber in question. It did not appear that any representations were made by Thompson specifically as to his paying for or his ability to pay for this lumber otherwise than in the conversation with Tuxbury, as above recited.

It appeared that in September, 1894, Thompson made an assignment, and an examination by creditors showed that he was insolvent from the beginning to the end of his business career, for seven months; that James Smith and Company did not owe him, as he had represented, but, on the contrary, he owed them several thousand dollars; and that all his representations made to Tuxbury were false and fraudulent.

The defendant introduced evidence tending to show that Thompson was indebted to Smith in the sum of $6,000 for some time prior to the obtaining of the two car-loads of lumber; that Thompson told Smith that he should make shipments to cover such indebtedness; that Smith thereafter made advances on similar bills of lading and drafts to Thompson for a portion of the invoice value; and that James Smith and Company made the advance of £160 in good faith and without any knowledge

or notice of any fraudulent or false representation or pretence made by Thompson to the plaintiff in obtaining possession of the lumber in question.

The following questions, with the consent of the parties, were submitted to the jury:

" 1. Did Thompson obtain possession of this lumber (mentioned in the writ) from the plaintiff ' by aid of false representation or pretence,' with intent to defraud the plaintiff of the lumber, or to appropriate the lumber to his own use?

" 2. Did James Smith and Company in good faith, and without any knowledge or notice of any fraudulent or false representation or pretence made (if any was made) on the part of Thompson to the plaintiff, in obtaining . possession of the lumber, accept the draft for the sum in question, for £160?"

Both of these questions the jury answered in the affirmative.

It was agreed that upon these findings the judge would hear the parties on the law of the State of New York and otherwise, find the law of New York, and make such rulings and direct such judgment to be entered thereon as law and justice might require; and that the case was to be reported to this court for its decision.   Upon such hearing, the plaintiff contended that, according to the finding of the jury upon the first issue and the law of New York, the lumber was stolen from the plaintiff and no title to it passed; and cited and put in evidence the following statutes and decisions: New York Penal Code, §§ 528, 530, 533; *Andrew* v. *Dieterich,* 14 Wend. 31; *People* v. *Lyon,* 99 N. Y. 210, 222; *People* v. *Dumar,* 106 N. Y. 502; *People* v. *Laurence,* 137 N. Y. 517.

The defendant contended that, according to the finding of the jury upon the second issue submitted to them, the defendant (representing James Smith and Company) was entitled to the proceeds of the lumber (it having been sold by agreement of parties) to the amount of the advance thereon by James Smith and Company, as a *bona fide* purchaser for value, without notice of any fraud of Thompson, or the manner in which he obtained the lumber, and to judgment for a return ; and cited and put in evidence the following decisions: *Dows* v. *Rush,* 28 Barb. 157 ; *Barnard* v. *Campbell,* 55 N. Y. 456; 58 N. Y. 73; *American Sugar Refining Co.* v. *Fancher,*

145 N. Y. 552 ; *Hinck* v. *Wilmerding*, 39 N. Y. Supp. 842 ; *Cooper Manuf. Co.* v. *Warner*, 38 N. Y. Supp. 1038.

The defendant also suggested that the false and fraudulent representations relied upon by the plaintiff, not being in writing and signed by the party to be charged, were not within the terms of the penal code of New York ; and cited and put in evidence the following: New York Penal Code, § 544; Rev. Sts. N. Y., tit. Larceny, §§ 1, 17 ; *People* v. *Page*, 4 N. Y. Supp. 780.

On the foregoing findings and citations, the judge ordered judgment for the defendant for the return of enough of the lumber, or the proceeds thereof, to cover the amount of the advances on the bill of exchange, and interest, namely, $979.53.

*J. K. Berry*, (*E. C. Upton* with him,) for the plaintiff.

*W. B. Durant*, for the defendant.

LATHROP, J.   The question before us is to be decided according to the law of New York, as shown by its statutes and reports.   Pub. Sts. c. 169, §§ 71, 72.   And we are limited to those statutes and reports put in evidence in the court below.

By § 528 of the Penal Code of New York, one who commits the crime of larceny or embezzlement, or who obtains the property of another by false pretences, is said to steal such property, and to be guilty of larceny.   By § 530, among other things, the obtaining of property unlawfully, in any manner specified in the chapter, of the value of more than five hundred dollars, is declared to be larceny in the first degree.   See *People* v. *Dumar*, 106 N. Y. 502, 508 ; *People* v. *Laurence*, 137 N. Y. 517.

The plaintiff cited § 533 as evidence of the law of New York that grand larceny was a felony.   This section reads, " Grand larceny in the first degree is punishable by imprisonment for not less than five nor more than ten years."   This section of itself does not show that the offence is a felony.   No other sections are referred to which show that the offence of obtaining goods under false pretences is a felony, although very likely it is.

In *Andrew* v. *Dieterich*, 14 Wend. 31, it was decided, under an earlier statute which declared the obtaining of goods by false pretences to be a felony, that the owner of the goods was entitled to them as against a purchaser in good faith from the person so obtaining them.

In the case of *People* v. *Lyon*, 99 N. Y. 210, the offence was

committed prior to the Penal Code, and the judge, while considering the general question somewhat, expressly declined to express an opinion as to the effect of the code.

It is however said in *American Sugar Refining Co.* v. *Fancher*, 145 N. Y. 552, 560, " It is the law of this State, as in England, that title passes on such a sale to the fraudulent vendee, notwithstanding that the crime of false pretences is included in the statute definition of a felony." It is further said that such a sale is not void, but voidable only, and when avoided the rights of a *bona fide* purchaser for value are to be protected. It is true that these remarks may be considered as *obiter dicta.* But in *Kline* v. *Baker*, 99 Mass. 253, the court decided what was the law of Pennsylvania on *obiter dicta* contained in two cases, and refused to consider numerous cases cited by the plaintiff to show that the law in Pennsylvania was otherwise, on the ground that the two cases were the only evidence before the court. See the papers in the case and the briefs of counsel in the Social Law Library.

If, therefore, we regard the latest expression of the law of New York which has been brought to our notice, it is clear that the fact that the commission of the offence of obtaining goods by false pretences, though declared to be a larceny, does not prevent the passing of the title to the goods ; and the ruling below was right.

It is unnecessary, however, to decide this point, for apart from this it is manifest under another section of the Code that the person obtaining the goods by false pretences was not criminally liable, as the pretences related to the purchaser's means or ability to pay, and were not in writing.

Section 544 of the Penal Code reads as follows : " A purchaser of property by means of a false pretence is not criminal, where the false pretence relates to the purchaser's means or ability to pay, unless the pretence is made in writing and signed by the party to be charged."

*Judgment on the finding.*