Parker, J.
These are cross actions of contract arising out of the same transaction, are concerned with the same set of facts and evidence and were tried together.
In the first case the plaintiff Levin waived the original count of his declaration and by an amended declaration seeks to recover the sum of $200.00 for money had and received by the defendants Schilling to the plaintiff’s use. The defendant’s answer is a general denial and an allegation that they were at all times ready, able and willing to perform their agreement, but that the plaintiff refused to perform and his refusal was the reason that the mortgage had not been discharged.
In the other case the plaintiffs Schilling seeks to recover damages from the defendant Levin for an alleged breach of a written contract to purchase certain real estate. The defendant’s answer is a general denial and an allegation that on the date that the premises were to be conveyed *139 they were encumbered by a mortgage which the plaintiffs failed, neglected and refused to discharge.
At the trial there was evidence to warrant a finding of the following facts:
On or about April 24, 1948, Arden F. and Lillian G. Schilling, hereinafter referred to as the sellers, and S. Spence Levin, hereinafter referred to as the buyer, entered into a written agreement to sell and purchase certain real estate on South Street in the. City of Pittsfield. The sellers were to convey the premises to the buyer on or before July 15, 1948, by a warranty deed, conveying a good and clear title free of all encumbrances; and for such deed and conveyance the buyer was to pay the sum of $3000 of which $200.00 had been paid as a deposit on the date that the agreement was executed, and the balance was to be paid in cash upon delivery of the deed. The deed was to be delivered and the consideration paid at the Registry of Deeds in which the deed should by law be recorded at twelve o’clock noon on July 15, 1948; and if the sellers should be unable to give title or to make a conveyance as stipulated, any payments made under the agreement should be refunded and all other obligations of either party should cease.
In May of 1948 the attorney for the purchaser searched the title to the premises and found a mortgage outstanding in the principal sum of $5000 to the Union Federal Savings and Loan Association. The balance due on said mortgage on July 15, 1948, was $1216.50. The sellers executed a warranty deed of the premises which they left in the custody of their attorney, authorizing him to deliver it to the buyer on payment of the balance of the purchase price and also authorizing him to complete the other necessary details of the transaction including the discharge of the mortgage to the Union Federal Savings and Loan Association. Sometime thereafter, the sellers left the city temporarily.
*140 On or about July 8, 1948, the attorney for the sellers telephoned to the attorney for the buyer and asked him what arrangements he wished to make to complete the sale and transfer. He was informed that the buyer was in no financial position to go through with the transaction and would not go through with it. Thereupon the attorney for the sellers wrote a letter to the buyer, informing him that be had talked with the buyer’s attorney and that there was a possibility that he, the buyer, would not honor the contract. The sellers’ attorney stated in his letter to the buyer that he trusted the buyer would purchase the property and not make it necessary for the sellers to bring legal action to enforce the contract. To this letter the buyer made no answer. On or about July 12, 1948, the attorney for the sellers again telephoned the attorney for the buyer, and was again informed that the buyer was not in any financial position to buy the premises and he would not buy them.
Sometime after the written agreement was entered into, the buyer had plans drawn for a dwelling house which he intended to erect on the premises to be purchased. He secured estimates for construction of the dwelling, but they were much higher than he had expected. On July 2,1948, the buyer contracted to buy another dwelling house from one Clarence Cowell, and on July 9, 1948, he accepted title thereto.
At or about noon of July 15, 1948, the buyer with his attorney went to the Registry of Deeds where the deed, if given, would have been recorded, and the buyer had with him a check to his order in the sum of $3000. Neither the buyer nor his attorney at any time notified the sellers or their attorney that they intended to make the visit to the Registry of Deeds to accept a deed from the sellers or for any other purpose.
At all times from the signing of the written agreement on April 24, 1948, and continuing to and after July 15, 1948, *141 the sellers were financially able, ready and willing to canse the mortgage to be paid and discharged before delivery of the warranty deed to the buyer. All during that period the sellers had a savings account at the bank which held the mortgage, and the balance in said account was at all times sufficient to pay the amount due on said mortgage.
After the buyer refused to take title to the premises, the sellers advertised the property for sale and in response received several inquiries. The highest offer received by them was $2000; the premises were sold for that amount to a third party; and in connection with the sale the sellers caused the mortgage in question to be paid and discharged on or about October 8,1948. Shortly thereafter the sellers brought the within action against the buyer. The buyer never claimed, demanded or requested the return of his $200.00 deposit at any time before he brought suit which was commenced after the action of the sellers against him.
The buyer as plaintiff seasonably filed seven requests for rulings of which the following were denied by the Trial Judge:
(1) On all the law and all the evidence the Court should make a finding for the plaintiff for the reason that the contract between the parties calls for the premises being free and clear of all encumbrances on July 15, 1948, when as a matter of fact on the above date there was a good and valid mortgage outstanding against the property in question. (3) That if there was a mortgage against the property in question outstanding and undischarged on the records of the Berkshire Middle District Registry of Deeds on July 15, 1948, so that the defendants could not convey a good and sufficient warranty deed free and clear of all encumbrances, the plaintiff had a right to decline to accept a deed subject to the mortgage in question, and the plaintiff had a right to rescind the contract and recover back the money paid under it without making any tender or formal offer of performance; that the inability of the sellers to perform gave the plaintiff the right to rescind. (4) That if there was *142 a mortgage against the property in question outstanding and undischarged on the records of the Berkshirt Middle District Registry of Deeds on July 15, 1948, so that the defendants could not convey a good and sufficient warranty deed free and clear of all encumbrances on July 15,1948, the plaintiff had a right to decline to accept a deed after the close of the Registry on said July 15, 1948. (5) That because the defendants could not convey a good and sufficient warranty deed free and clear of all encumbrances on July 15, 1948, the plaintiff may recover his deposit on the ground that the contract has ceased to be in effect and that the money is held without consideration. (7) The plaintiff was not obliged to tender performance or to make a formal offer of performance ; the inability of the defendant to perform on July 15, 1948, gave him a right to rescind.
The buyer as defendant seasonably filed six requests for rulings, of which the following were denied by the Trial Judge:
(1) On all the law and all the evidence the Court should make a finding for the defendant for the reason that on July 15, 1948, there was a mortgage outstanding and undischarged against the property in question. (2) That if there was a mortgage against the property in question, outstanding and undischarged on the records of the Berkshire Middle District Registry of Deeds on July 15, 1948, so that the plaintiff could not convey a good and sufficient warranty deed free and clear of all encumbrances, the plaintiffs cannot recover in this action. (3) That under the terms of the written agreement between the parties the defendant was not bound to pay the agreed purchase money to the plaintiff s and then let the plaintiffs pay off mortgages or encumbrances with the defendant’s money. (4) That in order to recover the plaintiffs must prove that on July 15, 1948, the premises in question were free and clear of mortgages or encumbrances.
The Trial Judge found for the sellers in the first case in which they were the defendants. In the second action in *143 which the sellers were plaintiffs, the Trial Judge found that because of the buyer’s refusal to buy the real estate and the breach of his contract, the sellers were damaged in the sum of $1000, of which $200.00 had already been received and $800.00 should be paid to them. He therefore found for the sellers in the sum of $800.00 in the second action.
The Trial Judge made detailed findings of fact among which were:
‘‘ The sellers were ready, able and willing to give a warranty deed and were ready, able and willing through their attorney to cause the mortgage which encumbered the property to be discharged; that it would have been discharged prior to the tender of a deed had it not been for the fact that they were advised by the attorney for the buyer, that the buyer was not able to and did not intend to go through with the transaction. The visit that the buyer made with his attorney to the Registry of Deeds was an idle ceremony on their part and a sham, in an attempt to seem to carry out the provision in the written contract that the deed was to be passed and the consideration paid at the Registry of Deeds. There was a refusal on the part of the buyer through his attorney both on July 8 and July 12, 1948 to go through with the transaction, and a renunciation of the agreement, both by declaration and by conduct inconsistent with carrying out its terms. The existence of the mortgage encumbering the real estate was used by the buyer as a pretext for not going through with the transaction.”
The buyer bases his appeal on the Trial Judge’s denial of certain requests filed by him in both cases.
The contention presented by these several requests is: that the premises to be conveyed were encumbered by an undischarged mortgage on July 15, 1948, which gave the buyer the right to rescind the contract and recover back his two-hundred-dollar deposit. In support thereof, the buyer *144 relies upon the case of Burk v. Schreiber, 183 Mass. 35, and cases cited therein; however, we think that the instant action is governed by the decisions of Sullivan v. F. E. Atteaux & Co., 284 Mass. 517; Smith v. Greene, 197 Mass. 17; Daniels v. Newton, 114 Mass. 530; Carpenter v. Holcomb, 105 Mass. 280.
The conduct of the buyer, both through his attorney and upon his own part, relieved the sellers of their obligation to be present at the Registry of Deeds on July 15, 1948, and was a waiver of the buyer’s right to object to the title later. Sullivan v. F. E. Atteaux & Co., supra; Curtis v. Aspinall, 114 Mass. 187 at 193. There is nothing to show that the sellers were not willing to perform, or that they would not have been ready to perform when the time for performance arrived, if the buyer had not refused to go through with the transaction.
The findings of fact made by the Trial Judge are warranted by the evidence and must stand. Bangs v. Farr, 209 Mass. 341; Wylie v. Cotter, 170 Mass. 356.
There being no prejudicial error, the report is ordered dismissed.